MIA ROWE ET AL. *v.* LEO PAUL CORMIER
(10333)

PETERS, HEALEY, PARSKEY, SHEA and GRILLO, Js.

Argued January 13—decision released March 1, 1983

*David M. Abbamonte,* with whom, on the brief, was *Jack Siedman,* for the appellants (plaintiffs).

*Gerard P. Eisenman,* with whom, on the brief, was *Raymond W. Ganim,* for the appellee (defendant).

PER CURIAM. The sole issue in this case is the enforceability by third party beneficiaries of a contract allegedly abandoned by the promisor and promisee. The plaintiffs, Mia Rowe, Elaine DiStasi, Edmund DiStasi, Lawrence DiStasi and Anthony DiStasi, brought an action seeking damages and the imposition of a constructive trust upon real and personal property of the defendant, Leo Paul Cormier. The trial court, after a full hearing, rendered a judgment for the defendant and the plaintiffs have appealed.

In its memorandum of decision, the trial court found the following facts. The plaintiffs were the children by a previous marriage of Margaret Cormier, the defendant's deceased wife. In 1970, as a result of marital difficulties, Margaret Cormier

initiated divorce proceedings against the defendant. These proceedings were terminated when the parties reconciled. In connection with the reconciliation, Margaret Cormier and the defendant entered, on November 9, 1970, into the agreement which is the subject matter of this law suit. That agreement provided that real property at 286 Brooklawn Road, Stratford, and monies in unspecified savings accounts, all of which were then being held in the sole name of the defendant, should be transferred into the name of the defendant and Margaret Cormier jointly and in survivorship. The agreement also stipulated that Margaret Cormier and the defendant were to draw wills leaving the real property and the bank accounts to whichever one survived and thereafter one-half to the present plaintiffs and one-half to the defendant's nephew Edward Norris Cormier, Jr.

The trial court further found that, after execution of this agreement, the Cormiers resumed their married state and lived together until Margaret Cormier's death in 1978. No steps were ever taken by either of the Cormiers to perform or to compel performance of the agreement. The agreement was abandoned. At the time of Margaret Cormier's death, the agreement was no longer viable and enforceable. The plaintiffs therefore could not prevail in their 1979 action on this agreement.

The plaintiffs, on this appeal, argue that the trial court was in error in its conclusion that the agreement between Margaret Cormier and the defendant had been abandoned at the time of Margaret Cormier's death in 1978. The plaintiffs do not contest the well-established rule that rescission or abandonment of contracts, like entry into a con-

tractual relation, depends upon the intent of the parties and that the relevant intent is to be inferred " 'from the attendant circumstances and conduct of the parties.' " *Yale Co-operative Corporation* v. *Rogin,* 133 Conn. 563, 568, 53 A.2d 383 (1947); *Osborn* v. *Stevens,* 132 Conn. 410, 414, 45 A.2d 160 (1945). Whether the parties have manifested an intention to modify or abandon their agreement is ordinarily a question of fact. *First Hartford Realty Corporation* v. *Ellis,* 181 Conn. 25, 33, 434 A.2d 314 (1980); *Lar-Rob Bus Corporation* v. *Fairfield,* 170 Conn. 397, 402–403, 365 A.2d 1086 (1976). The plaintiffs can only prevail in their appeal therefore if they can sustain the burden of showing that the trial court's factual finding of abandonment was "clearly erroneous in view of the evidence and pleadings in the whole record." Practice Book § 3060D; *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980).

There was ample evidence to support the finding of abandonment. Attachments that had been placed on the defendant's property in connection with the divorce proceedings initiated by Margaret Cormier in October, 1970, were released the following February without any performance whatsoever of the terms of the November, 1970, agreement. Margaret Cormier was represented by her own attorney during this time. The defendant testified that, upon their reconciliation, he and Margaret Cormier agreed to "forget about" their prior agreement, and that, in his presence, Margaret Cormier so informed her attorney.[1] Although one bank account was subsequently transferred into joint names with survivorship, the defendant testified that this transfer

---

[1] Margaret Cormier's attorney did not testify at the trial of this case.

was motivated by a specific request from Margaret Cormier and not by their prior agreement. While Margaret Cormier nonetheless retained a copy of the agreement, and delivered it to one of the plaintiffs for safekeeping in 1975, the court might reasonably have found this evidence insignificant in light of the evidence of Margaret Cormier's earlier actions that demonstrated her intention to abandon the agreement. See *M. Shapiro & Son Construction Co.* v. *Battaglia,* 138 Conn. 238, 244, 83 A.2d 204 (1951).

Taken as a whole, this record demonstrates that the trial court's finding of abandonment was not clearly erroneous. The plaintiffs have not claimed that Margaret Cormier and the defendant lacked the power to abandon their November, 1980, agreement. We expressly reserve for another day the question of what circumstances, if any, may suffice to vest rights in third party beneficiaries so that a promisor and promisee may not thereafter modify or abandon their contractual obligations to such beneficiaries. See 2 Restatement (Second), Contracts (1981) § 311; E. Farnsworth, Contracts (1982) § 10.6.

There is no error.