CONNECTICUT WATER COMPANY *v.* METROPOLITAN DISTRICT COMMISSION ET AL.
(12720)

CONNECTICUT WATER COMPANY *v.* DOUGLAS S. LLOYD, COMMISSIONER OF THE DEPARTMENT OF HEALTH SERVICES, ET AL.
(12878)

PETERS, C. J. HEALEY, SHEA, DANNEHY and CIOFFI, Js.

Argued November 12—decision released December 23, 1986

*Palmer S. McGee, Jr.,* with whom, on the brief, was *J. Rene Frechette,* for the appellant (plaintiff in both cases).

*Richard J. Lynch,* assistant attorney general, with whom were *Elizabeth H. Hadley,* assistant attorney general, and, on the brief, *Joseph I. Lieberman,* attorney general, and *Elizabeth A. Staugaard,* legal intern, for the appellee (defendant Douglas S. Lloyd, commissioner of the department of health services).

*Michael J. Whelton,* for the appellee (defendant Metropolitan District Commission).

PER CURIAM. The issues in these two appeals arise out of a dispute about whether the Connecticut Water Company or the Metropolitan District Commission bears the responsibility for the construction of a water filtration plant for Collinsville that the commissioner of health services has determined to be necessary for

compliance with the requirements of the Safe Drinking Water Act. General Statutes §§ 25-32, 25-34.[1] The first case is an equitable action brought by the Connecticut Water Company to compel the Metropolitan District Commission to honor contractual obligations under a 1914 contract between these two parties, and to order the commissioner of health services to stay administrative proceedings against the Connecticut Water Company until these contract claims have been resolved. In that case, the Connecticut Water Company has appealed from the judgment of the trial court, *N. O'Neill, J.*, granting the commissioner's motion to dismiss on the ground of sovereign immunity. The sec-

---

[1] General Statutes § 25-32 provides in relevant part: "Sec. 25-32. DEPARTMENT OF HEALTH SERVICES JURISDICTION RE WATER AND ICE SUPPLIES. POWERS AND DUTIES OF COMMISSIONER RE WATER COMPANY OWNED LANDS. PERMITS. WATER TREATMENT STANDARDS, TESTS AND FEES. (a) The department of health services shall have jurisdiction over all matters concerning the purity and adequacy of any source of water or ice supply used by any municipality, public institution or water or ice company for obtaining water or ice, the safety of any distributing plant and system for public health purposes, the adequacy of methods used to assure water purity, and such other matters relating to the construction and operation of such distributing plant and system as may affect public health. The qualifications of the operators of water treatment plants or water distribution systems which treat or supply water used or intended for use by the public shall be subject to the approval of said department pursuant to regulations adopted by the commissioner in accordance with chapter 54.

\* \* \*

"(f) The commissioner of health services shall adopt and from time to time may amend the following: (1) Physical, chemical, radiological and microbiological standards for the quality of public drinking water; (2) minimum treatment methods, taking into account the costs thereof, required for all sources of drinking water, including guidelines for the design and operation of treatment works and water sources, which guidelines shall serve as the basis for approval of local water supply plans by said commissioner; (3) minimum standards to assure the long-term purity and adequacy of the public drinking water supply to all residents of this state; and (4) classifications of water treatment plants and water distribution systems which treat or supply water used or intended for use by the public. On or after October 1, 1975, any water company which requests approval of any drinking water source shall provide for such treatment methods as specified by the commissioner of health services, provided any water company

ond case is an administrative appeal by the Connecticut Water Company from the order of the commissioner directing it to build the needed water treatment plant. In that case, the Connecticut Water Company has appealed from the judgment of the trial court, *Clark, J.*, dismissing the administrative appeal. We consolidated the two appeals in this court.

While these appeals were pending, the Connecticut Water Company and the Metropolitan District Commission, on August 13, 1986, entered into a new contract delineating their mutual rights and duties for the construction of the Collinsville water treatment plant.[2]

in operation prior to October 1, 1975, and having such source shall comply with regulations adopted by said commissioner in conformance with The Safe Drinking Water Act, Public Law 93-523, and shall submit on or before February 1, 1976, a statement of intent to provide for treatment methods as specified by said commissioner, to said commissioner for his approval."

"[General Statutes] Sec. 25-34. INVESTIGATION OF WATER OR ICE SUPPLY. (a) The department of health services may, and upon complaint shall, investigate any system of water supply or source of water or ice supply from which water or ice used by the public is obtained, and, if it finds any pollution or threatened pollution which in its judgment is prejudicial to public health, it shall notify the owner or operator of such water company or system of ice supply, or the person or corporation causing or permitting such pollution or threatened pollution, and the commissioner of environmental protection, of its findings and shall make such orders as it deems necessary to protect such water or ice supply and render such water or ice safe for domestic use.

"(b) A copy of any such order shall be mailed to such owner or operator or such person or corporation by certified mail, return receipt requested. Within thirty days of the date of mailing, the recipient of the order may request a hearing to show why the findings in the order are not based on substantial evidence or that the order is an abuse of discretion. Upon receipt of such request the commissioner shall grant a hearing as soon thereafter as practicable or within ten business days if the order requires immediate compliance. The commissioner shall not grant any request for a hearing at any time thereafter. The order shall be effective on a date set by the commissioner but the recipient of the order may request a stay of such order pending the decision of the commissioner. Any hearing shall be deemed to be a contested case and held in accordance with the provisions of chapter 54. The request for a hearing shall be a condition precedent to an appeal under the provisions of section 25-36."

[2] This contract was authorized by Public Acts 1986, No. 86-420, § 11, and Public Acts 1986, No. 86-403, § 127.

The commissioner thereupon filed a motion to dismiss the appeal in the equitable action on the ground of mootness. Upon consideration of the record before us and the arguments of counsel, we have determined that this motion should be granted.

In the administrative appeal, the parties are in disagreement about what effect this court should give to the contractual settlement between the Connecticut Water Company and the Metropolitan District Commission. The appeal by the Connecticut Water Company does not seriously dispute the administrative determination that the drinking water supply of the Collinsville Division of the Connecticut Water Company fails to meet regulatory standards for minimum color and turbidity. What continues to be at issue, however, is the question of who should bear the responsibility for correcting these deficiencies.

The centrality of the issue of responsibility is evident from the administrative record. The hearing officer who made the factual findings of noncompliance with regulatory standards held both the Connecticut Water Company and the Metropolitan District Commission responsible, and proposed that each of them be ordered to terminate the continuing violations. The commissioner took a different view. He determined that "[i]n the instant case, the Department of Health Services should not allow itself to become a party to the dispute between the Metropolitan District Commission and the Connecticut Water Company. It elects therefore to issue orders directed to the Connecticut Water Company alone as it has the obligation to see that the water it serves to its consumers meets the regulatory standards. Although the raw water supplied by the Metropolitan District Commission to the Connecticut Water Company does not comply with the regulations, the Connecticut Water Company as the purchaser of the water has the obligation to see that it does."

Accordingly, the commissioner's order required the Connecticut Water Company alone to comply with a stated schedule for the construction of a water treatment plant.

It is obvious, on this record, that the administrative order presently on appeal was based, at least in part, on facts that no longer obtain. The record establishes that "the dispute between the Metropolitan District Commission and the Connecticut Water Company" was a significant factor in the commissioner's assignment of unilateral responsibility for correction of the violation of water standards. As in *Laurel Park, Inc.* v. *Pac,* 194 Conn. 677, 683, 485 A.2d 1272 (1984), the evidentiary basis for the commissioner's decision has been cast into doubt by the emergence of new information that was not previously available. In these circumstances, we conclude that the administrative appeal has merit to the limited extent that this case should be remanded to the commissioner for reconsideration of his order in light of the contract of August 13, 1986. Cf. General Statutes § 4-183 (e).[3]

In Docket No. 12720, the appeal is dismissed. In Docket No. 12878, the judgment is set aside and the trial court is directed to remand the case for further proceedings before the commissioner of health services.

---

[3] General Statutes § 4-183 (e) provides: "APPEAL TO SUPERIOR COURT. . . . (e) If, before the date set for hearing, application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon conditions determined by the court. The agency may modify its findings and decision by reason of the additional evidence and shall file that evidence and any modifications, new findings, or decisions with the reviewing court."