[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE 1) MOTION FOR REMAND, 5/24/89 #129 2) MOTION TO DISMISS, P.B. Sec. 145
The city has moved under Conn. Gen. Stat. Sec. 4-183(e) for remand of this case back to the Department of Environmental Protection (hereinafter DEP) to take new evidence. Because this appeal commenced before July 1, 1989, this motion is governed by then Sec. 4-183(e) rather than the current Sec. 4-183(h).
Stanley J. Pac, Commissioner of DEP, on November 17, 1982 approved the permit application of Mall Properties Inc. (hereinafter Mall Properties). The approval was the preliminary step toward the issuance of two permits: a stormwater National Pollutant Discharge Elimination System Permit (Clean Water Act33 U.S.C. § 1251 et seq.; Sec. 22a-424 (K) and a sanitary sewage state discharge permit (Sec. 22a-430 et seq. ((formerly Sec. 25-54i until 1983)). Mall Properties needs these CT Page 2379 environmental permits for its development plans. On December 21, 1982, DEP denied the City of New Haven (hereinafter City) request for rehearing. The City was an intervenor under Sec.22a-19 (a).
The City appealed in February 1983 under Sec. 25-17/22a-389, now repealed. See Sec. 4-183. The defendants unsuccessfully argued on a motion to dismiss that the pertinent appeal statute was Sec. 22a-437, so that this appeal would be fatally late; the prior decision stands as the law of the case on this issue. By agreement in November 1985, appeal proceedings were stayed until thirty days after the final resolution of a federal court appeal of a denial of an Army Corps of Engineers Sec. 404 permit. The District Court did sustain Mall Properties appeal so the stay has lapsed. The status of the Sec. 404 permit is uncertain; Mall Properties requires these three permits.
(On April 12, 1983), the third defendant, Connecticut Citizens Action Group Inc. (hereinafter CCHG) requested clarification of its status. #103. No court action, but on September 28, 1984 a default for failure to appear was granted against CCHG, #105. A review of the record indicates that CCHG has played no further role in this appeal.)
Mall Properties plans to build a regional shopping mall at the site adjacent to the Quinnipiac River in North Haven. The river flows downstream through the City which borders North Haven on the south.
The City claims specific aggrievement in paragraph 19 and 20 of its appeal. The defendants do not admit aggrievement.
There are two types of aggrievement or standing: statutory and classic.
Statutory standing for the City can be found in Sec. 229-19: the City intervened on filing a verified pleading asserting that the proceeding/action has or is reasonably likely to have the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state.
The aggrievement paragraphs do not specifically track Sec.22a-19, except perhaps, in paragraph 22(b) of the appeal; that statute in any event gives the City standing only to protect the environment. Connecticut Water Co. v. Beausoleil, 204 Conn. 38,44-47, 562 A.2d 1329 (1987); Middletown v. Hartford Electric Light Co., 192 Conn. 597, 473 A.2d 787 (1984); Mystic Marinelife Aquarium Inc. v. Gill, 175 Conn. 483, 490, 400 A.2d 726 (1978). CT Page 2380
The City insists for aggrievement there are non environmental factors in this appeal. See paragraph 20 of complaint. To the extent, however, that the City pursues non environmental aggrievement, the City must produce evidence that it has a specific personal legal interest which has been specifically and injuriously affected by DEP. State Medical Society v. Board of Examiners in Podiatry, 203 Conn. 295,299-300, 524 A.2d 636 (1987). But even if the City establishes a nonenvironmental aggrievement, DEP may not have been able to consider any factors beyond its limited mandate.
Because the City appears to have statutory standing, the court has not yet addressed the nonenvironmental aggrievement claim. Park City Hospital v. Commission on Hospitals and Health Care, 14 Conn. App. 413, 542 A.2d 326 (1988).
Under Sec. 4-183(e), the trial court has no power to take evidence. On a remand, the court decides only the threshold issues of whether the additional information is material and there were good reasons for failure to present that evidence before the agency. Coppola v. Personnel Appeal Board, 174 Conn. 271,275 386 A.2d 228 (1978); See, Schieffelin Co. v. DLC,202 Conn. 405, 409-412, 521 A.2d 566 (1987).
The City wishes a remand back to DEP for new evidence on the issues of A. mootness, (abandonment), B. regulatory and statutory changes and C. expiration of the stormwater permit. C. is a mootness issue. B. is also a mootness issue if the City argues that the regulatory and statutory changes have made useless the two permits.
Mootness is jurisdictional, so that subject matter issue must be resolved before addressing the merits of the other issues. To avoid mootness, the determination of the dispute must result in practical relief. Hallas v. Windsor, 212 Conn. 338,347 562 A.2d 499 (1989); State v. Tippetts-Abbett-McCarthy-Stratton,204 Conn. 177, 181, 527 A.2d 688 (1987).
The mootness of the appeal is a decision for the trial court, not the agency, to make. Practice Book Sec. 145.
 a.
The evidence presented by the City on abandonment by Mall Properties of its project was illusory. Tentative explorations of alternative uses or possible revisions for the site do not constitute abandonment of this long delayed project. Market review is not abandonment. At time of hearing, the legal deadline for all permits set by the owners of the site had not yet passed; the court is unaware of the present status. Mall CT Page 2381 Properties vigorously denied any intent to "moot" this appeal by abandoning the project. Rowe v. Cormier 189 Conn. 371, 372-374456 A.2d 277 (1983). The court accepts the denial.
 b.
The City contends that post 1982 activity should now be considered by DEP. Connecticut Water Co. v. M.D.C., 201 Conn. 592,518 A.2d 1374 (1986); cf. Laurel Park, Inc. v. Pac194 Conn. 677, 485 A.2d 1272 (1984). But the City further argues that the absence of regulations when the permits were issued is a fatal defect in the permit procedure. The defendants argue that DEP had sufficient standards in 1982 so that the preliminary approvals were valid.
Regulatory and statutory changes have been made since the granting of the permits. Since 1982, additional studies have been conducted by DEP of the Quinnipiac River and some standards utilized by DEP may be more stringent; the federal statute has changed and formal state regulations have been adopted.33 U.S.C. § 1314(1): Reg. Conn. Sec. 22a-430-3 and Sec. 22a-430-4. The environmental regulations and statutes in effect at time of the court decision of this appeal are controlling with some exceptions. Gagnon v. Inland Wetlands Watercourses Commission,213 Conn. 604, 569 A.2d 1094 (1990); McCallum v. Inland Wetlands Commission, 196 Conn. 218, 223-225, 492 A.2d 508 (1985); Hegyi v. PZC, 14 Conn. App. 365, 369, 540 A.2d 1068 (1988).
The City requested remand so that DEP could take a second look at the proposed mall development in relationship to current requirements. But if the City's position regarding the claimed absence of regulations is correct, no second look is necessary. Fatal defect would be fatal. This issue is not germane on any motion to remand.
The significant question is not the existence of new statutes or regulations but the impact of any changes on the status of the approval permit. Can Mall Properties use the permits if the appeal is defeated, so to speak? During the hearing, the court raised the inquiry under a liberal interpretation of the City's position.
The regulations are formidably technical. Unlike zoning amendments which usually change physical dimensions, these DEP regulations relate to purification science. The defendants deny that the status of the proposed permits have been resolved in practice by the current law and statutes
Unless the impact was clear from a reading of the current regulations and record, the court requested some showing of a CT Page 2382 nullifying effect of the present rules. At that point the court had the option to refer the question back to DEP, the technical experts, to determine the status of this project under current conditions.
The City complains the requested information needed by it is within the defendant's control. The City subpoened a DEP official for the hearing. Presumably, the City has the technical records of the 1982 proceedings, the current regulations and its own engineering department, and subpoenas. See also Sec. 1-19.
The City did not make a showing to support any claim that the approval permits are doomed. To remand would be a fishing expedition.
The current regulations, Reg. Conn. St. Ag. Sections 22a — 430 — 3 and 4, moreover, empower the regulatory agency to upgrade any outstanding approval or permit to meet current or amended environmental standards; the regulatory design suggests a fluid process. Because DEP has continuing jurisdiction over all permits, the agency can impose conditions to reflect any significant development in environmental law or facts. See Pac v. Upjohn Co. 21 Conn. App. 91, 571 A.2d 160 (1990). Even NPDES permits also may be modified if standards and regulations change after the permit is issued. 40 C.F.R. § 122 62(a)(3).
So if the City's only concern is that this mall development comply with the current regulations adapted in 1988 and amended in 1988; see also, 33 U.S.C. § 1314 (1); such compliance is required when the permit itself is issued, at five year renewals and indeed during the existence of the approval/permits. If the City prevails, Mall Properties could reapply under the same current regulations. The court should not "simply set judicial wheels unnecessarily spinning, only to remain at the same end of the road." Chomko v. Patman, 20 Conn. App. 159
163, 565 A.2d 250 (1989). Is this appeal disconnected from any actual or practical relief? Conn. Resources Recovery Auth. v. FOIC, 19 Conn. App. 489,493-494, 562 A.2d 1145 (1989).
 c.
The stormwater permit has not expired under a five-year limitation. In fact, the permit has never been issued. The DEP makes a "final determination" on a permit application and then issues the permit to a successful applicant after the applicant installs the system in full compliance with the approval. Sec.22a-430(b). The five-year period runs from the issuance of permit following verification of the proper installation of the system. Section 22a-430(c); Reg. Conn. St. Ag. 22a-430-4. See CT Page 2383 also 33 U.S.C. § 1342(b)(1)(B). This conclusion appears to be recognized in plaintiff's Supplemental Memorandum dated January 24, 1990, #134, p. 11.
 III.
North Haven entered into a Contract of Sale of the mall site with North Haven Associates (hereinafter Associates) on November 27, 1974. That contract was extended annually to December 31. The last extension was on December 15, 1988. For purposes of this proceeding Associates is equivalent to Mall Properties.
On November 27, 1989 the contract was rescinded by the parties. Associates agreed in the Rescission to submit an offer to purchase for not less than $467,500. The Associates could bid for the site using as credit the prior payment on the rescinded contract. Associate was the successful bidder and has land title since April 17, 1990
The City claims that on November 27, 1989, Mall Properties lost its interest in the properties thereby forever losing standing. The court disagrees, for Associates was under an obligation from November 27, 1989 to bid. Certainly in that obligation was retention of development rights until at least the bid outcome. There was the necessary interest which non-owners must possess for standing. Richards v. PZC of Town of Wilton, 170 Conn. 318, 365 A.2d 1130 (1976). See also Shulman v. ZBA, 154 Conn. 426, 226 A.2d 380 (1967); Loew v. Falsey,144 Conn. 67, 127 A.2d 67 (1956). This case does not involve an advisory opinion. Conn. Resources Recovery Autho. v. FOIC. supra.
Moreover, it is the City which filed this appeal. Cases which refer to the standing of the applicant are distinguished as are cases relating to the proper applicant before an administrative board. Zoning cases are not helpful under our fact pattern. The DEP statutes and regulations relate to the operator of discharge facilities. Conn. Regs. Sec. 22a-430-4(a)(3). The application procedures of DEP do not require any property . interest. At this stage of the process, the facility is still in pre-permit stage. Apparently DEP will recognize Mall Properties as the developer without inquiry as to any interest in the property.
 IV.
Accordingly, the motion for remand is denied and the court motion to dismiss is also denied. CT Page 2384
The court will schedule a hearing on aggrievement, rehearing on Motion to Admit Certain Document #139, 140, and oral arguments on the briefs on the appeal itself.
Counsel are reminded of PB Sec. 108.
SAMUEL S. GOLDSTEIN, Judge