[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs move (#149) for summary judgment in their action seeking the recovery of a down payment on the proposed purchase of property of the defendants.
The file discloses that in October, 1987, the plaintiffs Vincent CT Page 4772 and Mary Ferrara (Buyers), along with Joseph Garra, entered into a purchase and sale agreement with the defendants, William and Dawn Rogers (Sellers), for the purchase of commercial/industrial property in Stamford, Connecticut. The written agreement, which was drawn up by the plaintiffs, contained a contingency clause providing for the termination of the contract and the return of all deposit monies if the buyers, at their expense, could not obtain soil testing results and reports sufficient to obtain an opinion letter from the Department of Environmental Protection relating to the subject property, by January 4, 1988. The buyers paid a deposit of $60,000 toward the purchase price of $1,200,000. The buyers then hired Soiltesting, Inc. to perform tests and make the report necessary to obtain the DEP opinion letter. Various letters between the attorneys for the parties indicate that the testing was incomplete and additional testing was required. During this time period, the sellers endeavored to assist in obtaining the DEP opinion letter. The contingency time period was extended and the sellers offered to extend it further to allow time for additional testing. The sellers contacted the president of Soiltesting, Inc., who stated that Soiltesting would perform the additional testing if either party would pay for work already done, plus pay for the additional work. The additional testing was not performed. The seller set a date for the closing of title and the buyer refused to close. The sale was not completed, the deposit was not returned, and the buyers brought suit to recover the deposit monies.
The plaintiffs/buyers brought their complaint in two counts. Count One sounds in breach of contract and failure to return the deposit monies; Count Two sounds in conversion. The plaintiffs moved for summary judgment as to the liability of the defendants on both counts of the complaint.
Summary judgment may be granted only in actions in which the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book 384 (1990). Nolan v. Borkowski, 206 Conn. 495, 500, 535 A.2d 793 (1988). A "material fact" is one which will make a difference in the result of the case. Catz v. Rubenstein, 201 Conn. 39, 48, 513 A.2d 98 (1986). "`Issue of fact' encompasses not only evidentiary facts in issue, but also questions as to how the trier would characterize such evidentiary facts and what inferences and conclusions it would draw from them." United Oil Company v. Urban Redevelopment Commission, 158 Conn. 364, 380, 260 A.2d 585 (1969). A moving party is entitled to judgment as a matter of law if the court would grant a directed verdict on the same evidence. Id. "Because the burden is on the movant, the evidence must be viewed in the light most favorable to the nonmovant and he is given the benefit of all favorable inferences that can be drawn." (citation omitted). Evans Products Co. v. Clinton Building Supply, Inc., 174 Conn. 512, 516, 391 A.2d 157 (1978). To satisfy the movant's burden, the movant "must make a showing that it is quite clear what the truth is." Fogarty v. Rashaw, 193 Conn. 442,444, 476 A.2d 582 (1985). CT Page 4773
The plaintiff/buyer argues that:
(1) there is a contract with a contingency clause;
(2) the contingency (obtaining an opinion letter from the DEP) was not fulfilled;
(3) the contract was terminated in writing and demand made for return of the deposit monies;
(4) monies were not returned despite demand.
Therefore, the contract was breached (Count One) and the monies were converted (Count Two).
As to Count One, the defendant sellers argue in opposition to the motion for summary judgment that:
(1) the buyers refused to conduct the testing necessary to obtain the DEP opinion letter that buyers needed to fulfill their contingency clause
(2) it was never the intention of the sellers to assume the responsibility to fulfill the contingency, including payment for soil testing;
(3) the buyers did not proceed according to the long recognized covenant of good faith and fair dealing in contractual relationships in Connecticut; and
(4) there are genuine issues of material fact remaining do be determined by the trier of fact.
As to Count Two, which sounds in conversion, the defendant sellers argue that there is a genuine issue as to which party breached the contract, and that they have a valid claim to the $60,000 deposit. The defendants argue that if the buyers breached the contract by refusing to close title, the buyers cannot claim that the sellers (defendants) converted the $60,000 deposit.
It is thus clear that questions of fact remain to be decided in the case. There is a question as to which party breached the contract mere is a question of fact as to whether a modification of a term of the contingency clause was intended or occurred. Rowe v. Cormier,189 Conn. 371, 373, 456 A.2d 312 (1983). There remains a question of whether the plaintiffs reasonably attempted to satisfy the contingency clause. Phillipe v. Thomas, 3 Conn. App. 471, 475, 489 A.2d 1056 (1985).
The plaintiffs have failed to meet their burden of "showing that it is quite clear what the truth is." Fogarty v. Rashaw, 193 Conn. at 444. CT Page 4774 Accordingly, the plaintiffs' motion for summary judgment should be and hereby is denied.
W. B. LEWIS, J.