The plaintiff, Grant Simmons, CPAs, ("GS"), alleges the following facts in its one-count complaint. The plaintiff and the defendant Coopers Lybrand, CPAs, four-year ("CL"), are partnerships engaged in the business of accountancy. Around June 1990, the defendant selected the plaintiff as CT Page 5630 a "minority subcontractor," in anticipation of placing a bid for a auditing contract with the City of New Haven ("the city contract.")
On September 18, 1990, the defendant sent the plaintiff a letter, which is attached to the complaint, offering the plaintiff 1,500 hours of work during the first year of a subcontract that would last four years. On September 21, 1990, the plaintiff accepted the offer in a letter, which is also attached to the complaint.
The plaintiff performed the work for the 1990 audit year and received payment from the defendant for those services. The defendant then told the plaintiff that its services would not be needed in connection with the New Haven audit for the years 1991 through 1993. The plaintiff claims that it has and will suffer damages as a result of the defendant's breach of the subcontract.
In its answer, the defendant denies that the September 18, 1990 letter constitutes an offer. The defendant admits that the plaintiff did some work on the 1990 audit and that it paid the plaintiff for that work. The defendant also admits that it told the plaintiff that CL "could not use" the plaintiff for its 1991, 1992 and 1993 audits. Along with its answer, the defendant asserts two special defenses: (1) the statute of frauds; and (2) prior breach and/or repudiation by the plaintiff. The plaintiff denies the special defenses.
The plaintiff moves for summary judgment as to liability only. Attached to its memorandum, the plaintiff submits the affidavit of Bobby Simmons, a partner in the plaintiff company, and numerous exhibits. The defendants filed an opposing memorandum with several exhibits attached thereto.
The law on summary judgment is clear: it "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book 384. A motion shall be supported by "affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like . . . . The adverse party . . . shall file opposing affidavits and other available documentary evidence." Practice Book 380. "The party seeking summary judgment bears the burden of showing the nonexistence of any material fact." Cummings Lockwood v. Gray, 26 Conn. App. 293, 297,600 A.2d 1040 (1991).
Summary judgment may be granted only when there are no issues of material fact to be decided. See DiUlio v. Goulet,2 Conn. App. 701, 703, 483 A.2d 1099 (1984). "A summary judgment shall be rendered if the pleadings, affidavits and any other CT Page 5631 proof submitted show that there is no genuine issue as to any material fact and that the moving party is thus entitled to judgment as a matter of law." Telesco v. Telesco, 187 Conn. 715,718, 447 A.2d 752 (1982).
The moving party undertakes a heavy burden when arguing in favor of summary judgment and the movant must demonstrate not only that there are no genuine issues of material fact, but also that he or she is entitled to judgment under applicable principles of substantive law. "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Yanow v. Teal Industries, Inc., 178 Conn. 262,268, 422 A.2d 311 (1979) (emphasis added). Significantly, not only are the pleadings and the evidence to be viewed in the light most favorable to the non-moving party, but all inferences which can reasonably be drawn therefrom are also to be viewed in the light most favorable to the non-moving party. See Strada v. Connecticut Newspaper, Inc., 193 Conn. 313, 317,477 A.2d 1005 (1984). The non-moving party can resist summary judgment if it is brought to the court's attention "that his version of relevant events is not fanciful." Quinn v. Syracuse Model Neighborhood Corp., 613 F.2d 438, 445 (2d Cir. 1980).
In short, "the function of the trial court in summary judgment proceedings, is not to decide issues of material fact but rather to determine whether such issues exist." Telesco, 187 Conn. at 716. Any doubt is resolved in favor of the party opposing the motion. See S.E.C. v. Research Automation Corp., 585 F.2d 31, 33 (2d Cir. 1978). The summary judgment procedure is "not intended as a substitute for the trial of issues at an evidentiary hearing even though the parties insist that they are entitled to judgment as a matter of law." Pine Point Corp. v. Westport Bank and Trust Co., 164 Conn. 54, 56, 316 A.2d 765 (1972).
In support of its motion for summary judgment, the plaintiff argues that the defendant's answer and admissions establish the defendant's breach of the subcontract. The plaintiff, anticipating the defendant's argument, also argues that the city contract, pursuant to which the defendant subcontracted with the plaintiff, is not severable and, therefore, the subcontract is not severable. The plaintiff concludes that the affidavit of Simmons establishes that the plaintiff properly performed the contract and therefore summary judgment as to liability should enter.
The defendant contends that material questions of fact exist regarding the plaintiff's performance of the subcontract, whether the subcontract was non-severable and whether the city contract affects the contract between GS and CL. The plaintiff's affiant, Simmons, attests to facts that support the defendant's CT Page 5632 second special defense, i.e., the plaintiff's breach. Said affidavit states that plaintiff GS "experienced continuous and extended delays" in obtaining information from the City of New Haven that it needed to complete its work. Simmons also attests that plaintiff GS encountered delays in getting information from the defendant. He further attests that the defendant was told of the problems. Finally, there are certain contradictions between the plaintiff's affidavit and its letter of November 21 1990 (Ex. C attached to Memorandum in Opposition) relating to same.
It is well settled that issues of repudiation and rescission of a contract are normally questions of fact to be determined at trial. See Rowe v. Cormier, 189 Conn. 371, 372-73, 456 A.2d 277
(1983); Gordon v. Indusco Management Corp., 164 Conn. 262,266, 320 A.2d 811 (1973); McLaughlin v. Thomas, 86 Conn. 252,258, 85 A.2d 370 (1912). As asserted in CL's second special defense, as well as through the aforementioned affidavits, there exists genuine factual issues as to whether the plaintiff's performance constituted a breach or repudiation. Therefore the plaintiff's motion for summary judgment is denied.