[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
re MOTION FOR SUMMARY JUDGMENT (#109)
The plaintiff sues to recover payment of a promissory note executed by the defendant on May 2, 1989, in favor of Saybrook Bank Trust Company. The Bank was declared insolvent on December 6, 1991, and the Federal Deposit Insurance Corporation (FDIC) was appointed receiver. The note was later endorsed by FDIC to the current plaintiff who made demand on the defendant for the amount due.
The controversy between the parties centers on (1) the interest rate applicable to the note subsequent to the insolvency of Saybrook Bank and (2) whether the note is payable on demand.
Since the interest rate was keyed to its base rate, the Bank's failure renders that provision inapplicable. The majority of courts faced with a similar situation have given approval to FDIC's substitution of an interest rate that is commercially reasonable under the circumstances. See Federal DepositIns. Corp. v. Cage, 810 F. Sup. 745 (S. D. Miss. 1993);Federal Deposit Ins. Corp. v. La Rambla ShoppingCenter, 791 F.2d 215 (1st Cir. 1986). It is the plaintiff's position that as a matter of law a flat rate of 11% is a commercially reasonable substitute for Saybrook Bank's base rate. The defendant, on the other hand, argues that it was his understanding that interest charged would fluctuate as interest rates in general fluctuated so that his rate would rise with an increase in the prime rate, and conversely, decrease along with a decrease in the prime rate. In fact, it would appear that the Bank's base rate was lowered from 12% to 11% between the date of execution of the note and the date, more than a year later, when the loan was actually made, a time frame during which, interestingly, the prime rate also decreased by approximately 1%.
A promissory note is a simple contract for the payment of money subject to applicable defenses. Krasnow v.Christensen, 40 Conn. Sup. 287, 288 (1985). Since it is a contract, the fundamental rules of contract law pertain.Appliances, Inc. v. Yost, 181 Conn. 207, 211 (1980). A contract is to be construed according to what may be assumed to CT Page 8190 have been the understanding and intention of the parties.Ginsberg v. Mascia, 149 Conn. 502, 505-06 (1962). What was the intention of the parties is a question of fact to be determined from a variety of circumstances. See Kakalik v.Bernardo, 184 Conn. 386, 393 (1981).
The defendant also urges that a Revolving Credit Agreement executed contemporaneously with the note modified, as it was intended to modify, the demand feature of the note. The Agreement, it is claimed, gave to the defendant the right to receive advances and to make payments on the note through May 2, 1994, a date well beyond the date suit was brought. Whether, in fact, provisions of the Agreement modified terms of the note in accordance with the parties' intention ordinarily presents a question of fact. Rowe v. Cormier, 189 Conn. 371, 373
(1983).
In order to prevail on a motion for summary relief, and, hence, sustain its burden of proof, the moving party must show the nonexistence of any genuine issue of material fact.Connecticut Bank Trust co. [Co.] v. Carriage LaneAssociates, 219 Conn. 772, 781 (1991). However, because the burden is on the movant the evidence must be viewed in the light most favorable to the nonmovant; State v. Goggin,208 Conn. 606, 616 (1988); "and he is given the benefit of all favorable inferences that can be drawn." Evans Products Co.v. Clinton Building Supply, Inc., 174 Conn. 512, 516 (1978).
In the instant context, the language of the contract is not so clear and definitive as to render what the parties intended by their commitments a question of law. See Bank of BostonConnecticut v. Schlesinger, 220 Conn. 152, 158 (1991). There are genuine issues of fact as above, summary judgment is inappropriate, and, accordingly, the motion therefor is denied.
GAFFNEY, J.