GAY D. MITCHELL *v.* DAVID W. MITCHELL
DAVID W. MITCHELL *v.* GAY D. MITCHELL
(11719)

PETERS, HEALEY, PARSKEY, SHEA and GRILLO, Js.

Argued April 4—decision released August 28, 1984

*Bourke G. Spellacy,* with whom was *Karen P. Blado,* for the appellant (plaintiff in the first case and defendant in the second case).

*Samuel V. Schoonmaker III,* with whom were *Cynthia C. George* and, on the brief, *Livia D. Barndollar,* for the appellee (defendant in the first case and plaintiff in the second case).

PARSKEY, J. This case involves two actions for dissolution of marriage that were consolidated for the purposes of this appeal. The principal issue is whether a party seeking to convert a legal separation into a dissolution under General Statutes § 46b-65 (b)[1] must comply

[1] "[General Statutes] Sec. 46b-65. (Formerly Sec. 46-61). FILING OF DECLARATION OF RESUMPTION OF MARITAL RELATIONS; DISSOLUTION OF MARRIAGE AFTER LEGAL SEPARATION DECREE WHEN NO DECLARATION FILED. (a) If the parties to a decree of legal separation at any time resume marital rela-

with Practice Book § 472[2] which requires the petitioner to state in the petition "whether the parties have resumed marital relations."

The parties, David and Gay Mitchell, were married on May 20, 1978. On June 6, 1979, David Mitchell (hereinafter David) brought an action seeking a dissolution which he later amended to seek a legal separation (the 1979 action). The parties entered into a written separation agreement which they filed with the court along with their financial affidavits. On March 6, 1980, the court, *Higgins, J.,* approved the separation agreement and placed it on file and rendered a judgment of legal separation.

The following findings of fact made by the trial court, *Edelberg, J.,* are undisputed by both parties. After living separately for over a year, in May, 1981, the parties began living together "as husband and wife" and continued to do so until January 5, 1982. In early

---

tions and file their written declaration of resumption, signed, acknowledged and witnessed, with the clerk of the superior court for the judicial district in which the separation was decreed, the declaration shall be entered upon the docket, under the entries relating to the complaint, and the decree shall be vacated and the complaint shall be deemed dismissed.

"(b) If no declaration has been filed under subsection (a) of this section, then at any time after the entry of a decree of legal separation, either party may petition the superior court for the judicial district in which the decree was entered for a decree dissolving the marriage and the court shall enter the decree in the presence of the party seeking the dissolution."

[2] Practice Book § 472 provides: "Sec. 472. ——PETITION FOR DECREE FINALLY DISSOLVING MARRIAGE

"Every petition for a decree finally dissolving and terminating the marriage, after a decree of legal separation, shall state the number of the case in which the separation was granted, the date of the decree of legal separation and whether the parties have resumed marital relations since the entry of the decree, and it shall be accompanied by an application for an order of notice to the adverse party."

Practice Book § 473 provides: "Sec. 473. ——NOTICE AND HEARING

"Upon presentation of such petition to the court it shall fix a time for hearing the same and make an order of notice, by personal service if the adverse party is within the state and his place of residence is known, otherwise in such manner as it shall deem reasonable."

November, 1981, David showed Gay Mitchell (herein-
after Gay) a note he had written to his attorney direct-
ing him to take the necessary legal steps to dissolve
the separation decree.[3] At the end of the month his
attorney responded by letter and enclosed "an agree-
ment, which, in effect was a declaration that the par-
ties were living together as husband and wife."[4] In
December, Gay signed the agreement. David never
signed it and it was never filed. The trial court found
that "[t]he basis for Mr. Mitchell not signing it was that
he had decided that he did not want to continue to live
with Mrs. Mitchell as husband and wife." The parties
ceased living together on January 5, 1982.

The following events then ensued. On March 27,
1982, Gay commenced an action for dissolution of the
marriage pursuant to General Statutes § 46b-40, the
general dissolution provision. On April 27, 1982, David
petitioned the court to convert the 1980 legal separa-
tion into a dissolution of the marriage "pursuant to
*Conn. Gen. Stat.* § 46b-65." He did not state in the peti-
tion that the parties had resumed marital relations. On

---

[3] The substance of that note is as follows:

"11/10/81

"Dear Sam

"Gay and I have been living together under the separation agreement
since May of this year. We both feel now that we would like the agreement
withdrawn and our marital status fully reestablished.

"Would you please let me know what steps need to be taken to bring
this about

"Many thanks

Regards
David"

[4] Paragraphs 3 and 4 of that declaration stated:

"3. The plaintiff and the defendant resumed marital relations and have
been living together since May, 1981.

"4. The parties desire that their marriage be fully restored, that the decree
of legal separation be vacated, the complaint in this action dismissed, and
the said agreement between the parties declared null and void and of no
further force and effect, pursuant to *Conn. Gen. Stat.* § 46b-65 (a)."

April 30, he filed a motion to dismiss Gay's action, claiming that because his petition was premised on the 1979 action it was prior to her action which presented the same issue—an irretrievable breakdown of the marriage. Gay then filed a motion to stay David's petition pending the outcome of her action for dissolution. She contended that David was attempting to freeze the factual picture at the time of the 1980 separation while her complaint presented facts and circumstances that occurred after the legal separation, particularly the resumption of marital relations. She also contended that David's petition could not be granted because it did not state whether the parties had resumed marital relations, pursuant to Practice Book § 472.

On May 25, 1982, Gay amended her complaint to include a second count claiming breach of contract and a third count claiming negligence, resulting in emotional harm, impairment of her earning capacity and damage to her reputation in the business community. In the amended complaint she sought a dissolution of the marriage, temporary and permanent alimony, an assignment from the defendant's estate, temporary and permanent counsel fees, specific performance of the separation agreement and damages.

On August 18, 1982, the trial court, *Edelberg, J.,* granted David's motion to dismiss the first count of Gay's complaint and denied Gay's motion to stay David's petition on the ground that General Statutes § 46b-65 (b) requires that when either party petitions for a dissolution after a legal separation has been ordered and neither party has filed a signed, acknowledged, and witnessed declaration that they have resumed marital relations, as provided for in § 46b-65 (a), "the court has no option but to enter a decree of dissolution."[5] Gay

[5] The court did not then enter a dissolution. It did so at a hearing held on September 20, 1982, at which both parties were present. See General Statutes § 46b-65 (b).

filed a motion for a rehearing which the court denied on September 20, 1982.

On September 3, 1982, Gay filed an answer, a counterclaim and special defenses to David's dissolution petition in which she claimed that (1) the parties by their conduct had abrogated the separation agreement and, therefore, the court did not have jurisdiction to convert the separation into a dissolution; (2) David had failed to comply with Practice Book § 472; (3) § 46b-65 (b) does not apply when the parties have resumed marital relations; and (4) David was estopped from seeking a dissolution because he falsely represented that he would have his attorney prepare and file a declaration of resumed marital relations.

At the September 20 hearing on David's petition for dissolution, the trial court found that Practice Book § 472 was procedural and could not derogate the statute which mandated a dissolution in the absence of a filed declaration that the parties had resumed marital relations. After limiting the hearing to the issue of fraud, the court found that "there was no fraudulent intent on the part of Mr. Mitchell" and rendered a decree of dissolution.

Gay has appealed from the judgment granting David's petition for dissolution and the judgment dismissing the first count of her complaint and denying her motion for stay and her motion for a rehearing. After the commencement of the appeal, she filed a motion for support pending the appeal and a motion for already incurred attorneys' fees and for attorneys' fees to prosecute the appeal. The trial court, *Vasington, J.,* denied the motion for support. It denied the motion for attorneys' fees with respect to those fees relative to her action but granted the motion for those fees incurred for the defense of David's petition. Gay amended her appeal to include the denial of these motions.

Though Gay has presented numerous claims of error, many of which were set out as defenses and counterclaims to David's petition, our holding that the trial court erred in finding that General Statutes § 46b-65 (b) mandated a dissolution even though David did not comply with Practice Book § 472 makes it unnecessary for us to consider those additional claims. Of course, our holding does not dispose of the claim concerning her motion for support and attorneys' fees, which we do address.

I

Gay contends that the court erred in granting David's petition because he did not comply with Practice Book § 472 in that he did not state in his petition that the parties had resumed marital relations. David responds that the rule is no longer viable because even if he had included that statement in his petition, in the absence of a signed, written, and acknowledged declaration of resumption, according to General Statutes § 46b-65 (b) the court was compelled to grant the dissolution. The question we are confronted with is whether the legislature intended the petitioner to reveal whether the parties had resumed marital relations and, if they have resumed, whether he can avail himself of the summary proceeding established in § 46b-65 (b).

General Statutes 46b-65[6] (codified as § 46-61 and recodified in 1979 as § 46b-65) was enacted in 1973 as part of a complete revision of the domestic relations statutes. Public Acts 1973, No. 73-373. The specific provision that it amended, § 46-30,[7] required the court

[6] See footnote 1, supra.

[7] General Statutes (Rev. to 1972) § 46-30 provided: "At any time after the entry of a decree of legal separation, either party may petition the superior court for the county where such decree was entered for a decree finally dissolving and terminating the marriage and, if the court finds that the parties have not resumed marital relations since the entry of the decree of legal separation, it may enter a decree finally dissolving and terminat-

to find that the parties had not resumed marital relations since the legal separation, and gave the court discretion to grant or deny a divorce. The present statute completely revamped its predecessor. Subsection (a) established a new and expeditious method by which parties who had reconciled could vacate their separation agreement without the intervention of a judge. They simply file a signed, acknowledged, and witnessed declaration of resumption with the clerk of the Superior Court in which the separation was decreed and, if the court finds that the declaration meets the statutory requirements, the decree is vacated and the original complaint is dismissed. This subsection on its face requires this formal declaration only when the parties choose to vacate their agreement under this method. Subsection (b) sets up the method by which the parties can convert a legal separation into a dissolution. It no longer requires the court to find affirmatively that the parties had not resumed marital relations.[8]

Practice Book § 472,[9] which was adopted in 1963 (as § 389) and has remained unchanged throughout the revisions to the statutes, requires the party seeking to convert the legal separation into a dissolution to state in the petition, inter alia, whether the parties had resumed marital relations.[10] It does not require a sep-

---

ing the marriage and may affirm or modify any existing orders and may enter any additional orders relating to alimony, custody and support of children and allowances as are usual in divorce cases."

[8] General Statutes § 46b-65 also deleted all references to the court's authority to affirm, modify or make any orders relating to alimony, allowances or custody and support of children. See footnote 7, supra.

[9] See footnote 2, supra.

[10] See also Practice Book Form 504.2:

"Petition for Decree Dissolving Marriage after Legal Separation

*(Caption of legal separation action)*

"To the Superior Court for *(judicial district where legal separation was entered)*.

"The undersigned a party to the above entitled action, respectfully represents.

arate formal declaration such as that described in sub-section (a). Hence there is a gap between the statute and the rule in that the rule requires the petitioner to disclose the parties' status but subsection (b) of the statute does not prescribe what the court should do when the parties have resumed marital relations but have not chosen to vacate the decree of legal separation under subsection (a) and therefore have not filed a formal declaration of resumption.

When interpreting a statute we resort to the traditional rules of statutory construction.[11] It is an elementary rule of statutory construction that we must read the legislative scheme as a whole in order to give effect to and harmonize all of the parts. *Finkenstein* v. *Administrator,* 192 Conn. 104, 110, 470 A.2d 1196 (1984). Furthermore " '[w]e must avoid a consequence which fails to attain a rational and sensible result which bears most directly on the object which the legislature sought to obtain. *United Aircraft Corporation* v. *Fusari,* [163 Conn. 401,] 414, [311 A.2d 65 (1972)]; *Bridgeport* v. *Stratford,* 142 Conn. 634, 644, 116 A.2d

---

"1. On *(date)* a judgment for legal separation was entered by this court in the above entitled action as of record appears.

"2. The parties have not resumed marital relations since the entry of the decree, and no written declaration of the resumption of marital relations has been filed pursuant to Gen. Stat., § 46-61. [§ 46b-65]

"Wherefore the undersigned prays that the court enter a decree dissolving the marriage of the parties.

*(name of petitioner)*

By _____ "

His Attorney

[11] Both parties have pointed to the debate in the House of Representatives concerning an unsuccessful amendment to make the court's power to grant dissolutions under this section discretionary. 16 H. R. Proc., Pt. 5, 1973 Sess., pp. 1962–63. Since both parties have presented equally compelling but conflicting explanations of this debate, we are unable to derive any guidance from the legislators' statements. Moreover, the debate did not discuss what was required of a party seeking to convert a legal separation into a dissolution.

508 (1955); *Sage-Allen Co.* v. *Wheeler,* 119 Conn. 667, 679, 179 A. 195 (1935).' *La Providenza* v. *State Employees' Retirement Commission,* 178 Conn. 23, 29, 420 A.2d 905 (1979)." *Dukes* v. *Durante,* 192 Conn. 207, 214, 471 A.2d 1368 (1984). To that effect, we cannot ignore common sense and reason. Id.; *United Aircraft Corporation* v. *Fusari,* supra, 411; *Garbaty* v. *Norwalk Jewish Center, Inc.,* 148 Conn. 376, 382, 171 A.2d 197 (1961).

An obvious goal of the legislature in enacting § 46b-65 was to reduce the role of the court by creating a summary proceeding when there is no dispute between the parties. To that effect subsection (a) contemplates that the court satisfy itself that the prescribed formal declaration has been filed before vacating the separation decree while subsection (b) contemplates a minimal role for the court when there is no dispute that the parties had not resumed marital relations. When that is the case the statute requires the court to give effect to the parties' status and convert a de facto dissolution into a de jure dissolution. The deletion of the requirement that the court affirmatively find no resumption suggests that subsection (b) assumes that it is undisputed that the parties had not resumed marital relations. To give its legal sanction to the parties' status, however, the court must know the true relationship of the parties.

David posits a scenario where neither rule nor statute requires the parties to disclose their relationship to the court. It is his position that since a party proceeding under General Statutes § 46b-65 (b) need not file a declaration that the parties had not resumed marital relations, the court, in acting on a petition seeking to convert a legal separation into a dissolution, can only inquire to determine if the parties have filed a declaration of resumption under subsection (a). If none has been filed, the court must grant the dissolution (in the presence of the petitioner) even if it knows that the

parties had in fact resumed relations and had intended to abrogate the separation agreement.[12] As for the requirement of Practice Book § 472 that the petitioner include in his petition a statement concerning the parties' resumption, David maintains that the rule is no longer viable because it implemented that part of the old statute (§ 46-61) which mandated an affirmative finding of nonresumption by the court and is therefore out of date. He further asserts that since the rule requires such a statement when the statute does not, the rule is in conflict with the statute and cannot stand.

We cannot accept this scenario. It completely ignores the spirit of our rules which requires full disclosure of all material facts,[13] the obligation of an attorney to be candid with the court as provided by the Code of Professional Responsibility; see Code of Professional Responsibility EC 7-20, 7-24, 7-27; DR 7-102 (A) (3); and the policy announced by this court "that lawyers who represent clients in matrimonial dissolutions have a special responsibility for full and fair disclosure, for a searching dialogue, about all of the facts that materially affect the client's rights and interests." *Monroe* v. *Monroe,* 177 Conn. 173, 183, 413 A.2d 819, appeal dismissed, cert. denied, 444 U.S. 801, 100 S. Ct. 20, 62 L. Ed. 2d 14 (1979). As we recently stated in *Baker*

---

[12] David does concede that the court has the authority to inquire about the possibility of fraud.

[13] Practice Book § 108 entitled "Fact Pleading" provides in part: "If any such pleading does not fully disclose the ground of claim or defense, the court may order a fuller and more particular statement; and, if in the opinion of the court the pleadings do not sufficiently define the issues in dispute, it may direct the parties to prepare other issues, and such issues shall, if the parties differ, be settled by the court."

Practice Book § 109 entitled "Pleading Legal Effect," provides in part: "Acts and contracts may be stated according to their legal effect, but in so doing the pleading should be such as fairly to apprise the adverse party of the state of facts which it is intended to prove."

v. *Baker,* 187 Conn. 315, 323, 445 A.2d 912 (1982),
wherein we expressed our strong disapproval of any
attempt to be less than candid with the court, "[t]he
trial court in a dissolution of marriage action sits as
a court of law and of equity and it is incumbent upon
the parties to disclose fully to the court all relevant
information." Hence, independent of the requirements
of the statute or the rule, it is incumbent upon the peti-
tioner to reveal to the court the status of the parties.[14]

Moreover, we cannot accept a construction of the
statute which suggests that the court's power to
respond to this changed status is subject to the deci-
sion of the parties to file a declaration under subsec-
tion (a). At oral argument David asserted that if the
parties reunited after a decree of legal separation, and
twenty years later one party decided that he or she no
longer wanted to live as husband and wife, he could
proceed under § 46b-65 (b) and the court would have
to grant the dissolution with the terms governed by
the twenty year old separation decree. A judge in a dis-
solution proceeding performs a much greater role than
that of a mere ministerial functionary. "Under our stat-
utes, a court has an affirmative obligation, in divorce
proceedings, to determine whether a settlement agree-
ment is 'fair and equitable under all the circumstances.'
General Statutes § 46b-66. The presiding judge has the
obligation to conduct a searching inquiry to make sure
that the settlement agreement is substantively fair and
has been knowingly negotiated." *Baker* v. *Baker,* supra,
321, quoting *Monroe* v. *Monroe,* supra, 183–84.

Practice Book § 472 assists the court in fulfilling its
equitable obligation by requiring the petitioner to dis-

---

[14] David asserts that he never disputed that the parties had resumed rela-
tions. He maintains that, by not including such a statement in the petition
or filing the declaration, it was not his intention to deceive the court, but
rather it was his belief that the statute did not require such a declaration.

close the parties' relationship. We do not agree with David that the rule is merely a relic to be ignored. Firstly, § 472 and form 504.2 were included in the complete revision of the rules that occurred in 1978. Secondly, the requirement in § 472 of a statement of nonresumption gives effect to the obligations of full disclosure and candor discussed above.

Nor do we agree that this requirement represents an impermissible intrusion by the courts into the realm of the legislature. It is well settled by statutory; General Statutes § 51-14 (a);[15] and decisional law; *State* v. *King,* 187 Conn. 292, 297, 445 A.2d 901 (1982); *Steadwell* v. *Warden,* 186 Conn. 153, 162–63, 439 A.2d 1078 (1982); *State* v. *Clemente,* 166 Conn. 501, 353 A.2d 723 (1974); that the courts do not have the authority to enact rules governing substantive rights and remedies. Certainly, where a statute creates a substantive right, a conflicting practice book rule cannot stand. It is also well settled that the courts do have the authority "to prescribe rules to regulate their proceedings and facilitate the administration of justice as they deem necessary." *State* v. *Clemente,* supra, 514. Practice Book § 472 is such a rule. The rule does not alter the statute but rather implements it by setting out the procedures one must follow to convert a legal separation into a dissolution. Further, we see no conflict between the rule and the statute. The statute does not abjure including in the petition a statement of the parties' status. It is, how-

---

[15] "[General Statutes] Sec. 51-14. RULES OF COURT. DISAPPROVAL OF BY GENERAL ASSEMBLY. HEARINGS. (a) The judges of the supreme court and the judges of the superior court shall adopt and promulgate and may from time to time modify or repeal rules and forms regulating pleading, practice and procedure in judicial proceedings in courts in which they have the constitutional authority to make rules, for the purpose of simplifying proceedings in the courts and of promoting the speedy and efficient determination of litigation upon its merits. Such rules shall not abridge, enlarge or modify any substantive right nor the jurisdiction of any of the courts. Subject to the provisions of subsection (b), such rules shall become effective on such date as the judges of the supreme court specify but not in any event until sixty days after such promulgation."

ever, silent about the court's authority to respond when the petitioner has stated in the petition that the parties have resumed marital relations but they have not chosen to vacate the separation decree under subsection (a). Our holding today provides the court with the necessary guidance.

A person seeking either a legal separation or a dissolution of marriage must file a petition pursuant to § 46b-40.[16] If the court renders a decree of legal separation the parties may then pursue one of two avenues, the summary route under § 46b-65 or the trial route under § 46b-40. The summary route contemplates mutual agreement of the parties either for a

---

[16] General Statutes § 46b-40 provides: "Sec. 46b-40. (Formerly Sec. 46-32). GROUNDS FOR DISSOLUTION OF MARRIAGE; LEGAL SEPARATION; ANNULMENT. (a) A marriage is dissolved only by (1) the death of one of the parties or (2) a decree of annulment or dissolution of the marriage by a court of competent jurisdiction.

"(b) An annulment shall be granted if the marriage is void or voidable under the laws of this state or of the state in which the marriage was performed.

"(c) A decree of dissolution of a marriage or a decree of legal separation shall be granted upon a finding that one of the following causes has occurred: (1) The marriage has broken down irretrievably; (2) the parties have lived apart by reason of incompatibility for a continuous period of at least the eighteen months immediately prior to the service of the complaint and that there is no reasonable prospect that they will be reconciled; (3) adultery; (4) fraudulent contract; (5) wilful desertion for one year with total neglect of duty; (6) seven years' absence, during all of which period the absent party has not been heard from; (7) habitual intemperance; (8) intolerable cruelty; (9) sentence to imprisonment for life or the commission of any infamous crime involving a violation of conjugal duty and punishable by imprisonment for a period in excess of one year; (10) legal confinement in a hospital or hospitals or other similar institution or institutions, because of mental illness, for at least an accumulated period totaling five years within the period of six years next preceding the date of the complaint.

"(d) In an action for dissolution of a marriage or a legal separation on the ground of habitual intemperance, it shall be sufficient if the cause of action is proved to have existed until the time of the separation of the parties.

"(e) In an action for dissolution of a marriage or a legal separation on the ground of wilful desertion for one year, with total neglect of duty, the furnishing of financial support shall not disprove total neglect of duty, in the absence of other evidence."

reconciliation under § 46b-65 (a) or a dissolution under § 46b-65 (b). One of the purposes of Practice Book § 472 is to enable the court to ascertain whether the case is an appropriate candidate for summary disposition. Therefore, in order to convert a legal separation into a dissolution under General Statutes § 46b-65 (b) the petitioner must state in the petition whether the parties had resumed marital relations, pursuant to Practice Book § 472. If the petitioner states that they have not resumed and the defendant admits to this in her answer; Practice Book § 456; then the court must, under Practice Book § 473, fix a time for a hearing. At that hearing the court can further satisfy itself that there is no dispute that the parties had not resumed marital relations. If it is thus satisfied and the petitioner is present, the court must grant the dissolution. If the parties had resumed marital relations, even for a trial reconciliation, or the petitioner states in the petition that they did not resume and the defendant disputes that fact, the parties cannot proceed under the summary method of § 46-65 (b) but must instead proceed under the general dissolution provision, § 46b-40.

Because the parties in this case had resumed marital relations, David could not make the required statement in his petition and thus could not seek a dissolution under § 46b-65 (b). Therefore, it was error for the trial court to dismiss the first count of Gay's complaint and to grant David's petition.

## II

In ruling on Gay's motions for support pendente lite and attorneys' fees, the trial court, *Vasington, J.*, did not rely on its discretionary authority to make such awards; see General Statutes §§ 46b-62, 46b-82, 46b-83; see also *Friedlander* v. *Friedlander,* 191 Conn. 81, 87, 463 A.2d 587 (1983) (counsel fees); *Fitzgerald* v. *Fitzgerald,* 169 Conn. 147, 153, 362 A.2d 889 (1975)

(support pendente lite); but rather relied on the relevant provisions of the separation agreement. The court held that the separation agreement precluded alimony but required David to pay Gay's counsel fees stemming from the original action, i.e., the 1979 petition for a legal separation, until a dissolution of marriage is entered. As such it denied the motion for support and the motion for counsel fees arising out of Gay's dissolution action but granted the motion for those fees related to her defense of David's petition. We find error.[17]

In light of the finding that the parties resumed marital relations and lived together as husband and wife, the viability of the separation agreement is in doubt. Before relying on that agreement it was incumbent upon the court to hear evidence concerning the parties' resumption of marital relations and whether they had intended to abrogate the separation agreement. See *Rowe* v. *Cormier,* 189 Conn. 371, 373, 456 A.2d 277 (1983); see generally 24 Am. Jur. 2d, Divorce and Separation §§ 852, 853 (1983 Ed.) and cases cited therein.

David seems to suggest that because Gay did not file a declaration of resumption of marital relations under § 46b-65 (a)[18] she cannot claim that the separation agreement was vacated. That statute is an easy and expeditious way for the parties to evince their mutual intent to vacate their agreement; indeed, the parties almost availed themselves of this provision. See footnotes 3 and 4, supra. But when a controversy develops over the parties' intent, § 46b-65 (a) is of no avail. As with other controversies over agreements, the parties are put to their proof and the question of intent is one

---

[17] Since David did not cross appeal from that portion of the judgment that awarded Gay attorneys' fees, that portion of the judgment must stand.

[18] See footnote 1, supra.

of fact to be determined by the trier. Hence, on remand, the trial court must determine whether the parties intended to abrogate the separation agreement. If it finds that they did, then the award of support pendente lite and counsel fees is a matter to be decided in its discretion.

There is error, the judgments in both cases are set aside, and the cases are remanded for further proceedings consistent with this opinion.

In this opinion PETERS and GRILLO, Js., concurred.

SHEA, J., with whom HEALEY, J., joins, concurring and dissenting. I disagree with the conclusion of the majority that where there has been a resumption of marital relations General Statutes § 46b-65 (b) is inapplicable and a party seeking a dissolution of marriage must start afresh under the general dissolution provision, General Statutes § 46b-40. That conclusion completely ignores the intention of the legislature in enacting the 1973 amendments to our domestic relations statutes. That intention, as clearly expressed in subsection (b) of § 46b-65 and as indicated by its legislative history,[1] was that, unless a declaration of resumption of marital relations has been filed pursuant to subsection (a), the court *must* enter a dissolution decree upon the petition of either party to the prior decree of legal separation. The majority opinion reads into § 46b-65 (b) an additional proviso upon its availability, that the parties shall not have resumed marital relations, which its predecessor, General Statutes (Rev. to 1972) § 56-30, contained.

[1] An attempt was defeated to amend the portion of Public Acts 1973, No. 73-373 (General Statutes § 46b-65 [b]), which provides that when either party to a legal separation petitions for a dissolution of marriage "the court *shall* enter the decree" (emphasis added) by substituting "may" for "shall" in order to give a judge a discretionary power to act upon such a petition. 16 H. R. Proc., Pt. 5, 1973 Sess., pp. 1962-63.

The 1973 enactment removing the resumption of marital relations as a bar to a petition to convert a legal separation into a dissolution of marriage was part of an extensive revision of our domestic relations statutes, which included the abolition of condonation as a defense. See Public Acts 1973, No. 73-373, § 8 (c); General Statutes § 46b-52. The doctrine of condonation generally barred a spouse from relying upon grounds for a divorce which were known before or during cohabitation. *Delliber* v. *Delliber*, 9 Conn. 233, 234–35 (1832). The notion that the resumption of marital relations should preclude the conversion of a legal separation into a divorce, as the predecessor to § 46b-65 provided, was consistent with the availability of condonation as a defense in a divorce action prior to the 1973 amendments. This revision of our domestic relations laws not only abolished condonation as a defense in an original dissolution proceeding under § 46b-40 but also removed it as a bar to the conversion of a legal separation into a dissolution by repealing the predecessor to § 46b-65 (b) which required a finding that the parties had not resumed marital relations. The effective resurrection of that defunct provision by the majority opinion leaves the parties to a legal separation who have resumed marital relations without filing the declaration prescribed by § 46b-65 (a) in precisely the same position as those who have filed such a declaration because in either event the separation decree is nullified and a new action under § 46b-40 must be commenced by a party seeking a dissolution of the marriage. This result is incomprehensible in the face of the repeal of the statutory predecessor, General Statutes (Rev. to 1972) § 46-30, which expressly mandated the same consequence by necessitating a finding that marital relations had not been resumed.

I, nevertheless, would find error in the failure of the court to hold a full hearing upon all of the issues

related to the terms of the dissolution decree. Although § 46b-65 (b) mandates a dissolution under these circumstances, it does not require that the terms of the legal separation decree automatically be repeated in the dissolution decree. The terms of the separation decree are certainly not binding on the judge who enters the decree of dissolution, any more than a separation agreement would be binding. See General Statutes § 46b-66. The general authority of the court to determine what is fair and reasonable between the parties in the light of the current situation is not restricted by § 46b-65 (b). In making such a determination the role of the court is never "minimal" as the majority assume.

The fact that the parties have resumed marital relations is a highly significant circumstance requiring the court to evaluate the situation of the parties anew in order to treat them equitably. It is for this reason that the rule of practice, Practice Book § 472, requiring a statement of whether there has been a resumption of marital relations in a petition to convert a legal separation into a dissolution of marriage, was retained after the demise of the predecessor to § 46b-65.[2]

The effect of the separation agreement, which was approved in the legal separation judgment, is governed by General Statutes § 46b-66, which requires that the court "inquire into the financial resources and actual needs of the spouses . . . ." The fact that the agreement was presumably found "fair and equitable" at the time of the legal separation does not excuse the failure of the court to make such a determination in the light of the situation of the parties at the time of dissolution and to afford the opportunity for a hearing on the issues involved.

---

[2] Although the husband's petition failed to comply with this requirement, that deficiency may be overlooked on appeal, since it is undisputed that such a resumption did occur. *Hanson* v. *Carroll,* 133 Conn. 505, 507, 52 A.2d 700 (1947).

I would remand the case for a full hearing upon the issues related to the financial terms of the dissolution decree, but would not set aside the decree of dissolution itself.