HARRIGAN, J.
 

 On October 9, 1992, the court,
 
 Ryan, J.,
 
 entered a decree of legal separation after an uncontested hearing. A separation agreement was presented to and approved by the court. The agreement was then ordered incoiporated into the judgment file. There are three children of the marriage, all of whom were minors at that time. For tax considerations, the defendant husband agreed to pay unallocated alimony and child support of $250 per week until January 1, 2001, a nonmodifiable term limit. The unallocated order was subject to modification upon the plaintiffs death, cohabitation or remarriage.
 

 At the time of the legal separation, the defendant had been an employee of the city of Stamford for nineteen
 
 *434
 
 years and had a vested pension. Article IV of the separation agreement provided that the pension be divided as of October 9, 1992, by means of a qualified domestic relations order to allow direct periodic payments to the plaintiff when the pension attained pay status.
 

 The agreement provided in article VI that the defendant would continue to maintain the health insurance for the children and that he would also maintain the coverage for the plaintiff until the legal separation “is converted to a divorce” as well as paying the balances on any unreimbursed bills.
 

 The unallocated order of alimony was modified by court order on August 15, 1994, to $300 per week plus $25 per week on an arrearage found to be $3500, all pursuant to the parties’ agreement. One of the parties’ minor children, Jennifer, was then residing with her father.
 

 By a petition served on the plaintiff on September 28, 1994, the defendant sought a decree of dissolution pursuant to General Statutes § 46b-65.
 

 The defendant continues to be employed by the city of Stamford. He has continued the health insurance coverage for the children and for the plaintiff. The plaintiff has had several health problems, all of which existed and were known to both parties at the time of the legal separation.
 

 Operating from her home, the plaintiff has conducted a leather coat sales business from which she derives income. Apparently, since it is primarily a cash business, no reporting of income is done. The plaintiff has an inventory of coats of undetermined value.
 

 Contrary to the plaintiffs present argument and according to the transcript of the hearing, the court, in entering the judgment of legal separation, found the agreement “to be fair and equitable and in the best
 
 *435
 
 interest of all parties. [The court] will approve the same. It may be incorporated in the judgment file.”
 

 The requirements of General Statutes § 46b-66 were followed by the court when making the order of incorporation. The assignment of property was authorized by General Statutes § 46b-81 (a) which provides in relevant part that “[a]t the time of entering a decree . . . for legal separ ation pursuant to a complaint under section 46b-45, the superior court may assign to either the husband or wife all or any part of the estate of the other.”
 

 Although periodic alimony or support may be modified pursuant to General Statutes § 46b-86, subsection (a) of that statute expressly provides that “ [t]his section shall not apply to assignments under section 46b-81” and uses the terms “decree” and “judgment.” It is not limited only to a dissolution judgment.
 

 It has been held that, by its terms, § 46b-81 “deprives the Superior Court of continuing jurisdiction over that portion of a dissolution judgment providing for the assignment of property of one party to the other . . . .”
 
 Bunche
 
 v.
 
 Bunche,
 
 180 Conn. 285, 289, 429 A. 2d 874 (1980);
 
 Fiddelman
 
 v.
 
 Redmon,
 
 37 Conn. App. 397, 401, 656 A.2d 234 (1995); see also
 
 Passamano
 
 v.
 
 Passamano,
 
 228 Conn. 85, 91, 634 A.2d 891 (1993).
 

 Section 46b-81 encompasses a decree of legal separation. The purpose of property division “is to unscramble the ownership of property, giving to each spouse what is equitably his.”
 
 Weiman
 
 v.
 
 Weiman,
 
 188 Conn. 232, 234, 449 A.2d 151 (1982);
 
 Rubin
 
 v.
 
 Rubin
 
 204 Conn. 224, 228, 527 A.2d 1184 (1987). The decree of legal separation accomplished the property division.
 

 In
 
 Mitchell
 
 v.
 
 Mitchell,
 
 194 Conn. 312, 481 A.2d 31 (1984), the defendant husband sought a legal separation. The trial court approved the parties’ written separation agreement and rendered a judgment of legal
 
 *436
 
 separation. Afterward, the parties began living together “as husband and wife”; id., 314; for several months but they again separated. The plaintiff then commenced an action for dissolution pursuant to General Statutes § 46b-40. One month later the defendant petitioned to convert the legal separation judgment into a dissolution relying on General Statutes § 46b-65. No declaration of resumption of marital relations was ever filed as allowed by § 46b-65 (a). The defendant’s petition did not comply with Practice Book § 472 by failing to state whether the parties had resumed marital relations since entry of the decree of legal separation. The majority opinion stated that “[t]he principal issue is whether a party seeking to convert a legal separation into a dissolution under General Statutes § 46b-65 (b) must comply with Practice Book § 472 which requires the petitioner to state in the petition whether the parties have resumed marital relations.” (Internal quotation marks omitted.) Id., 313-14. After analyzing the statute and the Practice Book rule the court held that the latter revealed the true relationship of the parties. It then held that § 46b-65 (b) “contemplates a minimal role for the court when there is no dispute that the parties had not resumed marital relations.
 
 When that is the case the statute requires the court to give effect to the parties’ status and convert a defacto dissolution into a de jure dissolution.”
 
 (Emphasis added.) Id., 321. The defendant could not comply with Practice Book § 472. Since the trial court had granted his petition the case was remanded with instruction to determine if the parties intended to abrogate the separation agreement.
 

 Justices Shea and Healey concurred in the remand but dissented from the majority’s interpretation of Practice Book § 472, characterizing the rule as a “defunct provision.” Id., 329. Justice Shea further disputed the minimal role of the court in applying § 46b-65 (b). The majority had concluded: “Therefore, in order to convert
 
 *437
 
 a legal separation into a dissolution under General Statutes § 46b-65 (b) the petitioner must state in the petition whether the parties had resumed marital relations pursuant to Practice Book § 472. If the petitioner states that they have not resumed and the defendant admits to this in her answer; Practice Book § 465; then the court must, under Practice Book § 473, fix a time for a hearing. At that hearing the court can further satisfy itself that there is no dispute that the parties had not resumed marital relations. If it is thus satisfied and the petitioner is present, the court must grant the dissolution.”
 
 Mitchell
 
 v.
 
 Mitchell,
 
 supra, 194 Conn. 326. The majority does not direct a plenary review of the separation agreement as the dissent suggests should happen.
 

 The plaintiff cites
 
 Mignosa
 
 v.
 
 Mignosa,
 
 25 Conn. App. 210, 216, 594 A.2d 15 (1991), which held that despite the findings that the dictates of § 46b-65b and Practice Book §§ 472 and 473 had been complied with, the trial court’s failure to find that the orders were “ ‘fair and equitable’ ” at the time of the dissolution was improper. A new trial was ordered on the financial orders. As authority for its ruling the court stated: “We agree, however, with Justice Shea’s concurring opinion in
 
 Mitchell
 
 . . . .” Id., 215.
 

 In the present case the defendant has fully complied with § 46b-65 (b) and with Practice Book § 472. The parties never resumed marital relations.
 

 Absent a properly executed declaration of resumption of marital relations or intervention by court action opening the judgment for good reason, the judgment of legal separ ation, once the appeal period has expired, is final. The division of assets and liabilities is also final. An assignment of property is nonmodifiable. Hence, the court is without jurisdiction or other authority to modify a final judgment oflegal separation insofar as it assigns property. The holding in
 
 Mignosa
 
 must give way to the
 
 *438
 
 holding of the majority in
 
 Mitchell,
 
 which controls the outcome of the present case. The Appellate Court had recent occasion to state that, as an intermediate court, it does not have the authority to reexamine or reevaluate Supreme Court precedent.
 
 Martin
 
 v.
 
 Plainville,
 
 40 Conn. App. 179, 182, 669 A.2d 1241 (1996). This court must also abide by and adhere to decided cases as dictated by stare decisis.
 

 The defendant’s pension was never divided for it is not governed by the Employee Retirement Income Security Act (ERISA),
 
 [1]
 
 or by a qualified domestic relations order.
 
 [2]
 
 The city of Stamford classified employees retirement fund board of trustees, however, has indicated that it will entertain a request for division.
 

 It has been agreed that the continuation or medical coverage pursuant to the Consolidated Omnibus Budget Reconciliation Act will cost $332 per month for three years.
 

 The court finds the allegations of the defendant’s petition proven and true. The parties never resumed marital relations after the entry of the judgment of legal separation. No written declaration has been filed. Each party has physical custody of a minor child as Jennifer lives with her father and Christa lives with her mother.
 

 This court finds no basis, legally or factually, to rewrite the parties’ separation agreement or to modify the legal separation judgment as to a division of assets.
 

 The defendant’s petition is granted and the judgment is converted to a dissolution pursuant to § 46b-65 (b), and all the current orders are continued.
 

 The following additional order is entered. The defendant is ordered to submit the parties’ agreement, the
 
 *439
 
 legal separation judgment and a copy of this memorandum with a request that his pension be divided as the parties agreed as of the date in the agreement, October 9, 1992.
 

 The court makes no order as to medical coverage for the plaintiff as the agreement, article VI, paragraph 6.2 covers the subject.
 

 The court further notes that article XII provided that the agreement provisions be included in the decree, and the parties’ declared intention was to have the agreement “absolute, unconditional and irrevocable.”
 

 The court directs counsel for the plaintiff to prepare the legal separation judgment file. Counsel for the defendant is directed to prepare the dissolution order and any documents needed to effect the pension division.
 

 [1]
 

 29 U.S.C. § 1001 et seq.
 

 [2]
 

 29 U.S.C. § 1003 (b) (1).