[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JUNE 17, 1997 CT Page 6256
The parties' marriage was dissolved on January 27, 1995. They are presently engaged in post-judgment litigation over both financial matters and matters relating to the custody of the two minor children affected by the court's decree, one of whom is the parties' child and one of whom is Ms. Wiegand's son and Mr. Wilkinson's stepson. Both Mr. Wilkinson and the attorney for the minor children, who also serves as their guardian ad litem, have moved to close all or at least some proceedings and to seal the court file from public inspection.
The only ground stated that requires judicial consideration is that stated in the motion filed by the children's attorney; viz., "the children's privacy and safety."
Two statutes and one Practice Book rule address the closing of family matters and the sealing of family files. See Sec.46b-11 and 46b-49 of the General Statutes and Sec. 478 of the Practice Book. The legislative history of the statutes recited in the brief filed by the children's attorney is a useful reminder of the primacy of the children's interests in family cases, including their privacy interest.
At the same time Rule 211B of the Practice Book sets forth a general procedure for courts to follow in ruling on requests for closure and sealing. Family matters are not excluded from its ambit. This rule recognizes the constitutional and historical tradition of open courts in this country. Nor is this simply a matter of tradition: there are demonstrable benefits to the litigants as well as to the public from having what goes on in court be accessible to the public either directly or through the various media. For example, in this case Mr. Wilkinson maintains that Ms. Wiegand has been spreading false and defamatory reports about him and the children. If that is so, what better antidote is there for the poison of false reports and rumors than access to the testimony and other evidence introduced in a public court?
By its terms Sec. 478 of the Practice Book is "(s)ubject to the provisions of Sec. 211B." There is no necessary conflict between the latter section and the two statutes applying to closure and sealing in family matters either. In examining the interplay between statutes and Practice Book rules the Supreme Court has resorted to traditional rules of statutory CT Page 6257 construction. Mitchell v. Mitchell, 194 Conn. 312, 320 (1984). The goal is to "read the legislative scheme as a whole in order to give effect to and harmonize all of the parts." Id.
Applying these principles to this case, it can be seen that Rule 211B, like the rule at issue in Mitchell. "does not alter the statute but rather implements it by setting out the procedures" the court must follow in ruling on a request that family proceedings be closed or family files sealed. Id., 324. Those procedures require a balancing of the "welfare of any children involved," Sec. 46b-11, and the interests of "the persons involved," Sec. 46b-49, with "the public's interest in attending such proceeding or in viewing such materials." Sec. 211B(b). They also require an articulation of the interest overriding the public's interest, specification of the findings underlying a closure or sealing order, Sec. 211B(c), and that the order be "no broader than necessary to protect such overriding interest." Sec. 211B(b).
Therefore, as did Judge Silbert in Saundry v. Saundry, 1996 WL 434297, 17 CONN. L. RPTR. 373 (Superior Court, July 15, 1996), I read these statutes and rules together to constitute a coherent and not inconsistent structure for ruling on motions for closure and/or sealing in family matters. Such a reading may well be constitutionally required to recognize the well established First Amendment right of access to court proceedings. See, e.g.,Press-Enterprise Co. v. Superior Court, 478 U.S. 1 (1985). I note, too, that Sec. 211B of the Practice Book was adopted in 1995, and that in the two intervening legislative sessions the General Assembly has not thought it desirable to amend Secs. 46b-11 or 46b-49 to create any exception for family matters.
The matters immediately before me are strictly financial in nature, and no substantial basis has been advanced in argument, let alone in evidence, for a finding that any overriding interest justifies closing the courtroom or sealing the file. Moreover, to the extent that the children's privacy or safety interests may be peripherally implicated, there is an alternative to closure in the procedure I have employed in past proceedings of temporarily closing the courtroom whenever reference might be made to pending proceedings and issues being considered by the Superior Court for juvenile matters, where all proceedings are closed and files sealed by statute and judicial order.
Accordingly, the motions to close and seal are denied without CT Page 6258 prejudice to their being renewed if and when I address matters affecting custody of and visitation with the minor children. Should evidence offered at the time of renewal of the motions establish that there is a threat to the children's privacy and safety created by public proceedings and/or public access to the file or portions of it, such threat would constitute an overriding interest justifying closure and/or sealing if no other alternative is available to protect the children from such a threat.
SHORTALL, J.