[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue presented to the court is whether the court can proceed under the general dissolution statute, General Statutes § 46b-65, when there is an executed separation and property settlement agreement, that was submitted to the court, reviewed, approved, and decreed a legal separation by the court, but one of the parties to the separation agreement asserts a resumption of marital relations. If the plaintiff petitions the court to transform a legal separation into a dissolution of marriage pursuant to General Statutes § 46b-65,[1] "[t]he matter that the court must determine is whether or not the parties resumed marital relations subsequent to the legal separation." Casteel v.Casteel, Superior Court, judicial district of New London at Norwich, Docket No. 95197 (August 13, 1996, Walsh, J.). Practice CT Page 3528 Book § 25-36 provides: "Every motion for a decree of finally dissolving and terminating the marriage, after a decree of legal separation, shall state the number of the case in which the separation was granted, the date of the decree of legal separation and whether the parties have resumed marital relations since the entry of the decree, and it shall be accompanied by an application for an order of notice to the adverse party."
"The court is aware of Mitchell v. Mitchell, 194 Conn. 312, [318, 481 A.2d 31 (1984)], wherein there is an indication that there must be no resumption of marital relations. If the parties dispute that, there has to be a hearing." Berry v. Berry, Superior Court, judicial district of Fairfield, Docket No. 253397 (June 24, 1992, Karazin, J.). In Mitchell v. Mitchell, supra,194 Conn. 312, the majority opinion held that a party seeking to convert a legal separation into a dissolution under General Statutes § 46b-65 (b) must comply with Practice Book § 25-36, which requires the petitioner to state in the petition whether the parties has resumed marital relations. "A person seeking either a legal separation or a dissolution of marriage must file a petition pursuant to 46b-40. If the court renders a decree of legal separation the parties may then pursue one of two avenues, the summary route under 46b-65 or the trial route under 46b-40. The summary route contemplates mutual agreement of the parties. . . . One of the purposes of [Practice Book § 25-36] is to enable the court to ascertain whether the case is an appropriate candidate for summary disposition." Id., 325-26. If there is a question as to whether the case is a candidate for summary disposition, then the court can fix a time for a hearing to resolve any disputes. See Id., 326; Mignosa v. Mignosa,25 Conn. App. 210, 594 A.2d 15 (1991). "An obvious goal of the legislature in enacting 46b-65 was to reduce the role of the court by creating a summary proceeding when there is no dispute between the parties. . . . To give its legal sanction to the parties' status, however, the court must know the true relationship of the parties." Mitchell v. Mitchell, supra,194 Conn. 321.
Nevertheless, the plaintiff is seeking dissolution pursuant to General Statutes § 46b-40, asserting that "the parties intended to abrogate the separation agreement by resuming their marital relationship. " (Plaintiff's Memorandum, p. 1). Neither party has filed an action for dissolution pursuant to General Statutes § 46b-65. The defendant asserts that the decree of legal separation has never been vacated, set aside, or amended, that CT Page 3529 neither party filed a declaration of resumption of marital relations, and therefore, the decree of legal separation still stands.
The parties are found to have resumed marital relations, the court should examine the agreement to determine whether it remains fair and equitable. "The effect of a separation agreement [orders] . . . is governed by General Statutes 46b-66, which requires that the court inquire into the financial resources and actual needs of the spouses . . . the fact that the agreement was presumably found fair and equitable at the time of the legal separation does not excuse the failure of the court to make such a determination in light of the situation of the parties at the time of dissolution and to afford an opportunity for a hearing on the issues involved." (Internal quotation marks omitted.) Mignosav. Mignosa, supra, 25 Conn. App. 215-216, citing Mitchell v.Mitchell, supra, 194 Conn. 321 (Shea, J. Concurring) "It has been held that, by its terms, § 46b-81 deprives the Superior Court of continuing jurisdiction over that portion of a dissolution judgment providing for the assignment of property of one part to the other. . . . Section 46b-81 encompasses a decree of legal separation. The purpose of property division is to unscramble the ownership of property, giving to each spouse what is equitably his." (Citations omitted; internal quotation marks omitted.)Bemonte v. Bemonte, 44 Conn. Sup. 431, 433, 693 A.2d 739 (1996).
Accordingly, an evidentiary hearing is required to determine the issue of whether marital relations were resumed. Therefore, the plaintiff's motion for Pendente Lite alimony and attorney's fees is continued until. such hearing. The court has set this matter down for Friday, June 16, 2000, at 10:00 a.m.
SANDRA VILARDI LEHENY, J.