[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de PLANTIFF'S MOTION FOR CONTEMPT (140)
Ajudgment of legal separation was rendered on October 9, 1992. The parties' agreement was approved by the court and ordered incorporated in the judgment.
Quoting from the separation agreement:
"ARTICLE VI — INSURANCE
 6.1 Husband represents that he is a member of a group hospital and medical and dental plan provided by his employer and that the minor children are covered under said plan. The husband agrees that he will, at his expense, maintain equivalent health insurance for the minor children until they attain the age of eighteen years, die, marry, become wholly self-supporting or while they continue as full-time students, and shall pay 100% of the children's unreimbursed medical and dental expenses, until each child is emancipated, 50% of unreimbursed thereafter. CT Page 7557
 6.2 Husband shall maintain health insurance for the Wife for a period of two years or until the separation is converted to a divorce, whichever is later, or the wife's remarriage, if sooner, and shall pay 100% of her unreimbursed medical and dental expenses for so long as he is obligated to maintain health insurance coverage for the wife hereunder"
On April 4, 1995 the defendant's application to convert the judgment to a dissolution was granted, General Statues § 46b-65 and a dissolution was decreed on April 4, 1995 with any further financial orders reserved. The court's frill decision is found in 44 Conn. Sup. 431.
The above quoted paragraphs remained intact.
The present motion seeks to recover for uninsured or unreimbursed medical and dental expenses incurred by plaintiff since October 9, 1992.
The defendant maintained the plaintiff and their minor children on his group health insurance provided by his employer, the City of Stamford.
Plaintiff's Exhibit #1 is a statement issued by Robert S. Fields, D.M.D. for proposed orthodontic treatment of the minor daughter, Christa, dated November 7, 1996. The receipt acknowledges an initial payment by the plaintiff of $850. The plaintiff discharged the dentist. There is no insurance form indicating whether the insurance company accepted or rejected the proposed work of the $4000 treatment fee. The defendant denied knowledge of the proposed treatment. The dentist did not testify. The court cannot find the defendant in contempt based on the record.
Plaintiff's Exhibit #2 is a receipt issued to the plaintiff dated December 10, 1996, for $1000 on account for $3800, of orthodontic work to be done by Richard Boldrighini, D.D.S. The defendant was aware of this treatment for their daughter. The plaintiff testified $2000 was covered and paid to the dentist by defendant's insurance. The defendant does not dispute the initial payment by the plaintiff. There was no documentation of payment of the remaining $800. The plaintiff testified that Dr. Boldrighini made some unspecified adjustment in fee in recognition of the earlier arrangement with Dr. Fields. The court concludes that the plaintiff is entitled to reimbursement for the $1000 she paid.
Plaintiffs Exhibits #3. #4. #5. #6 and #7 are five statements issued by Mary B. Siegel, Ph.D. for visits to her office by plaintiff for psychotherapy beginning 1/18/93 through 9/08/94: CT Page 7558
 #3 $1980 #4 440 #5 440 #6 2250 #7 1500
Total $6,610
Plaintiffs Exhibit #8 is a Travelers Managed Care System Explanation of Benefits form listing two visits to Dr. Siegel on 12/16/92 and 12/31/92 total fee $400, advising Dr. Siegel was paid 50% or $200. The plaintiff had no proof of payment for the remaining $200. The court cannot find the defendant in contempt for this item.
Plaintiffs Exhibit #9 is a Travelers Managed Care System Explanation of Benefits form listing two visits to Dr. Siegel from 1/18/93 through 2/25/93 stating fee charged $500 and $500 fee allowed. The visits as listed on plaintiffs Exhibit #3, which is dated November 11, 1997, at $110, each and it does not list any breakdown for the amount paid. Dr. Siegel was paid $224.89 according to the plaintiffs Exhibit #9.
Plaintiffs Exhibit #10 is a Travelers Managed Care System Explanation of Benefits form listing a pharmacy bill; N.J. Messina, III, M.D.; J. Fyap, M.D.; Stamford Emergency Ambulance and four visits to Dr. Siegel at $110 each for which she was paid $220 directly. Dr. J. Fyap was paid 80% of his bill directly leaving a balance of $14.40. The defendant is listed as being paid $341.03. The mailing address for defendant is listed as 62 Pershing Avenue, Stamford, Connecticut. The defendant vacated the premises in late April, 1992. The plaintiff continued to live at that address. The defendant denies receiving the statement with the check attached. The canceled check is not in evidence. The plaintiff did not explain what she did with this piece of mail or any of the other statements she introduced which are addressed to the defendant listing her address. The plaintiffs claim that the defendant received the check is found not proven.
Plaintiffs Exhibit #11 is a Travelers Managed Care System Explanation of Benefits form dated 9/30/93 listing four visits to Dr. Siegel from 8/19/93 through 9/16/93 at $110 each. No benefit was paid giving the reason that plaintiff had reached the maximum amount allowed. The form does not state what the maximum was. The benefit plan for the defendant via the City of Stamford is not in evidence.
Plaintiffs Exhibit #12 is a Travelers Managed Care System Explanation of Benefits form dated 8/25/94 listing plaintiffs eight visits to Dr. Siegel from 6/10/94 through 7/14/94 at $125 each. Nothing was allowed CT Page 7559 with the explanation that the plan has a limited benefit amount for this expense.
Plaintiff's Exhibit #13 is a copy of the plaintiffs check dated 11/17/95 payable to Dr. Siegel for $800 which Dr. Siegel deposited to her account. The court finds that the payment is for uninsured services of unknown dates but plaintiffs Exhibit #12, supra, lists $1000 of rejected billings. The court finds that the defendant owes the plaintiff $1000.
Plaintiffs Exhibit #14 is a copy of the plaintiffs check dated April 1, 1997 payable to Dr. Siegel for $512.50 which was deposited to the payee's account. The amount does not match any billing. The check is proof that the plaintiff paid Dr. Siegel. The court finds that the defendant owes the plaintiff $512.50.
Plaintiffs Exhibit #15 are two statements issued by M.A. Forman, M.D., for treatment rendered on May 24, 1994 for which he charged $225 and on June 2, 1994 for $125. The plaintiff paid 20% or $70 now due from defendant.
Plaintiff's Exhibit #16 is a receipt for various items purchased from Dr. Forman on July 7 and on July 25 (no year stated) for $17 and $99 totaling $116. See Exhibit #29 infra.
Plaintiffs Exhibit #17 are two receipts for items purchased from Dr. Forman on 5/24/94 and 6/23/94 totaling $80 and $51 respectively. Both marked paid in full. The dates match Exhibit #15. The court finds that the plaintiff was given 10% discount and paid $45.90 shown on Exhibit #28. The defendant is found to owe $45.90 to plaintiff
Plaintiff s Exhibit #18 are two pharmacists' statements for Jennifer, the parties' minor daughter, one for 1/1/92 through 12/31/93 totaling $312.42 and the second for 1/1/93 through 1/29/98 totaling $1615.46.
Plaintiffs Exhibit #19 is the pharmacist's statements for the parties' minor daughter Christa from 1/1/93 through 1/29/98 totaling $1758.24.
Plaintiffs Exhibit #20 is the Pharmacist's Statement for the plaintiff from 1/1/93 through 1/29/98 totaling $2285.94. Only the part prior to April 4, 1995 is relevant.
Plaintiffs Exhibit #21 is a Summary Explanation of Benefits dated 8/18/95 addressed to defendant at 15 Alma Rock Road., Stamford for "Catena SP" in the amount of $70.59. The court concludes that the defendant received the check but there is no evidence to explain the CT Page 7560 treatment given or if the unknown provider was ever paid.
Plaintiffs Exhibit #22 is a Travelers Managed Care System Explanation of Benefits form dated 5/5/93 listing services provided to plaintiff by:
 Plan Paid Balance 3/30/93 Pharmacy $??? 80% paid $1.76 3/30/93 N.J. Messina, III, M.D. 168.00 48.00 120.00 2/11/93 J. Fyap, M.D. 75.00 57.60 17.40 1/25/93 Stamford EMS Ambulance 262.00 100% 3/11/93 Dr. Siegel 110.00 55.00 55.00 3/25/93 Dr. Siegel 110.00 55.00 55.00 4/06/93 Dr. Siegel 110.00 55.00 55.00 4/21/93 Dr. Siegel 110.00 55.00 55.00
The statement lists payment to defendant, listing the plaintiffs home address on the statement, in the amount of $341.03. He denied receiving the check. The canceled check was not introduced into evidence. The plaintiff denied any knowledge of the disposition of the check. Stamford E.M.S. was not summoned to court. The plaintiff has not produced any proof she paid. The plaintiff has failed to carry her burden of proof on this check's use. Dr. Fyap and Dr. Siegel were paid directly. The court accepts the plaintiffs unchallenged testimony that the pharmacy collects the balance before releasing the prescription to the patient. The court finds that the defendant owes the plaintiff$ 1.76.
Plaintiffs Exhibit #23 is a Travelers Managed Care Systems Explanation of Benefits form dated 9/29/94 listing prescriptions furnished to the plaintiff during 1993. It states "plan pays 0.00, patient pays 0.00" and the explanation given states "(05) this claim has already been processed." The court can draw no inference from this exhibit.
Plaintiffs Exhibit #24 is a Travelers Managed Care Systems Explanation of Benefits form dated 10/22/93 listing six prescriptions furnished the plaintiff during 1993. Three are allowed at 80% leaving a balance uninsured of $14.79. The allowed amount of $59.18 was payable to the defendant but mailed to the plaintiffs address. The same circumstances exist here as found to apply to exhibit #22 supra and therefore, the plaintiff has failed to carry her burden of proof on this check's use. The court, for the same reason as stated above finds the defendant owes the plaintiff $14.79.
Plaintiffs Exhibit #25 is a Travelers Managed Care System Explanation of Benefits form dated 9/29/94 listing services to plaintiff. Radiology services provided on 8/17/94 were fully covered. Twelve prescriptions furnished the plaintiff in January, 1994 are earmarked "(05) this claim CT Page 7561 has already been processed." The remaining six prescriptions listed were allowed at 80%. The patient's balance totaled $45.41. For the reasons stated above, the court finds the defendant owes the plaintiff $45.41. The court notes the exhibit is "page: 2 of 3." The exhibit does not state to whom the plan's check was issued. The page 2 in evidence lists the defendant as the addressee but the address given is the plaintiffs. For the same reasons as stated above the court finds the plaintiff has failed to carry her burden.
Plaintiffs Exhibit #26 is a Travelers Managed Care System Explanation of Benefits form dated 5/5/93 listing services to the plaintiff. It is the original of the form. Plaintiffs Exhibit #22 is a photocopy of the same form.
PlaintiffsExhibit #27 is a Stamford E.M.S. bill dated 5/1/95 for services rendered the plaintiff on 3/4/95 in the amount of $508. The bill states that it is due. There is no evidence concerning payment. A reasonable inference can be drawn that it is not fully covered as was the E.M.S. listed on Exhibit #22. There is no insurance benefit form in evidence.
Plaintiffs Exhibit #28 is a copy of plaintiff's check dated June 23, 1994 payable to Dr. M.A. Forman, M.D. for $45.90. Exhibit #17 lists purchases for that date totaling $51.00 The payment apparently allows for a 10% discount. The finding regarding Exhibit #17 disposes of this exhibit.
Plaintiffs Exhibit #29 is a copy of the plaintiffs check dated July 25, 1994 payable to Dr. Forman, M.D. for $89.10. Exhibit #16 lists purchases for that date totaling $99. The payment apparently allows for 10% discount. The court finds the defendant owes $89.10 to the plaintiff
Plaintiff's Exhibit #30 is the pharmacist's statement dated February 5, 1997 for the period 1/1/93 through 1/29/98 for the parties' child Alec (d.o.b. 7/28/1976) totaling $290.33.
Plaintiffs Exhibit #31 is a copy of plaintiffs check dated September 22, 1993 payable to Deborah Cardinal, M.A. for $50 for Christa. The court finds that the defendant owes the plaintiff $50.
Plaintiffs Exhibit #32 is a copy of plaintiffs check dated 11/7/96 payable to Family Centers for $20 for Christa. The court finds the defendant owes $20 to the plaintiff
Plaintiffs Exhibit #33 is a Travelers Managed Care System Explanation of Benefits form dated September 30, 1994 listing services provided CT Page 7562 plaintiff by Dr. Forman and St. Joseph Hospital. Dr. Forman's prescriptions not covered by insurance totaled $126 for six. They were rejected for "(53) your plan only covers drugs that require a prescription and are necessary for the treatment of an illness or injury." The balance of Dr. Forman's charges were 80% allowed and $328 was disbursed to him. The St. Joseph Hospital services were paid in full directly to it. The court cannot infer that the plaintiff paid the balances. The doctor may have accepted the 80% as full payment. Without his testimony or his records this court cannot hold defendant responsible.
Plaintiffs Exhibit #34 is a copy of plaintiffs check dated March 4, 1997 payable to United Chambers Administrators for $264.55 for Alec. The policy was not produced. Alec was then 20 years old. The court declines to order reimbursement. The reasons for which are discussed infra.
Plaintiffs Exhibits #34 and #35 are two checks, dated May 18, 1994 and June 8, 1994 respectively for $30 and $32 respectively. Both payable to Mr. Marc Peyser and noted on the earlier check "20% of visits". The court concludes that the defendant owes $62 to the plaintiff
The defendant introduced one check he did receive from Travelers dated 10/30/92 for $410.85 which he endorsed and which plaintiff also endorsed. The court draws no conclusions from this event other than the plaintiff received the proceeds. The incomplete records, the lack of proof of payment, the delay in making these claims and the plaintiffs own demeanor on the witness stand all prevented the court from giving credence to many of her assertiorts.
The findings are summarized:
 Exhibit # Dr. Boldrighini $1000.00 Exhibit #13 Dr. Siegel 1000.00 Exhibit #14 Dr. Siegel 512.50 Exhibit #17 Dr. Forman 45.90 Exhibit #22 Pharmacy 1.76 Exhibit #24 Pharmacy 14.79 Exhibit #29 Dr. Forman 89.10 Exhibit #31 Dr. Cardinal, M.A. 50.00 Exhibit #32 Family Centers 20.00 Exhibits #34 35 Dr. Peyser 62.00
Sub Total $2796.05 Stipulated Credit 500.00
Total Due $2296.05
The defendant shall pay the plaintiff the sum of $50 weekly until said CT Page 7563 sum is paid in full. No interest is awarded.
The court reads the quoted Article VI as for the benefit of the children as minors. His obligation ceases when any one of these events occur: when the child attains the age of eighteen years. sooner dies,sooner marries. or sooner becomes self supporting. The defendant's obligation is extended while the child continues as a full time student. The conjunctive "and" provides for 100% of the unreimbursed medical and dental expenses to be paid by the defendant until the child is "emancipated" i.e., until 18 is attained, or the child sooner dies, sooner marries, or sooner becomes wholly self-supporting. His obligation is extended for an adult child while remaining a full time student. The phrase "50% of unreimbursed thereafter" is meaningless. The adult child is no longer subject to parental control, must contract for his or her own medical and dental treatment, and is not a party to the judgments, only the parents are parties. For these reasons the court has so ruled.
Harrigan, J.