[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR PENDENTE LITE ALIMONY
This case involves a dissolution action in which the parties filed a written agreement with the court whereby any subsequent orders for alimony were to be made retroactive to March 28, 2000. This agreement was approved by the court and was made an order of the court on June 17, 2000. Thereafter, the parties resumed living together for a period of four to six weeks and then they eventually separated again. The wife seeks to enforce the agreement for retroactive alimony, and the husband argues that it is unenforceable because the parties reconciled after the agreement.
The court after review the testimony of the parties, finds that it will find that the parties did in fact resume marital relations and lived as husband and wife during the four to six week reconciliation.[1] It should be noted that this decision does not address the issue as to CT Page 12922 whether the separation agreement would be enforceable if the court found that the parties did not resume marital relations.
The court further finds that the parties did resume marital relations and that they intended to abrogate the agreement for retroactive alimony, with their intent inferred from their conduct and subsequent instructions to counsel. Absent an outright declaration of intent a persons state of mind is usually proven by circumstantial evidence. Stateof Connecticut v. Rodriguez, 108 Conn. 382, 439 A.2d 919 (1980).
When a husband and wife become legally separated, they can and often do enter into separation agreements addressing alimony, child support, custody, visitation and the disposition of property. General Statutes § 46b-51 provides parties with the opportunity to submit a separation agreement when they stipulate that the marriage has broken down irretrievably. Once it is found that a husband and wife resumed marital relations after entering such an agreement, the viability of the separation agreement is in doubt. Mitchell v. Mitchell, 194 Conn. 312,327, 481 A.2d 31 (1984). Herbert v. Herbert, S.C.J.D. Waterbury, Docket No. 155947 (March 3, 2000, Leheny, J.).
When determining whether a separation agreement is enforceable under such circumstances, "the court [must] hear evidence concerning the parties' resumption of martial relations and whether they had intended to abrogate the separation agreement. See Rowe v. Cormier, 189 Conn. 371,373, 456 A.2d 277 (1983). 24 Am.Jur.2d, Divorce and Separation §§ 852, 853 (1983 Ed.). "As with other controversies over agreements, the parties are put to their proof and the question of intent is one of fact to be determined by the trier. Hence . . . the trial court must determine whether the parties intended to abrogate the separation agreement."Mitchell v. Mitchell, supra at 327.
The parties, did in fact resume the marital relationship for a four to six week period of time cut short by a further verbal dispute between the parties. The court has weighed the evidence submitted by the parties. The court has considered the fact that the defendant may not have returned all of this clothing and seasonal belongings to the family home. It is important to further state that the parties agreed to further mark the hearing scheduled for July 31, 2000 "off' to continue their marital relationship. The court infers from both parties actions and direction to counsel to mark the hearing off on July 31, 2000 that they intended to abrogate the agreement of June 7, 2000 accepted by the court as a court order.
The court therefore orders pendente alimony of $300.00 to commence on September 19, 2000. The defendant shall receive no credit against future CT Page 12923 alimony payments for the $1,700 previously paid to the plaintiff by order of the court dated June 7, 2000.