MYRTLE C. MIGNOSA *v.* DOMINICK MIGNOSA
(9814)

SPALLONE, NORCOTT and LAVERY, Js.

Argued April 26—decision released July 9, 1991

*Timothy Sheehan,* for the appellant (plaintiff).

*Harold J. Geragosian,* for the appellee (defendant).

SPALLONE, J. The plaintiff appeals from the judgment dissolving the parties' marriage. She claims that the trial court improperly granted the defendant's petition for dissolution under General Statutes § 46b-65 (b) because the issue of whether the parties had resumed marital relations was in dispute, thereby requiring the dissolution action to proceed under the general dissolution provisions of General Statutes § 46b-40. We affirm the judgment of the trial court in part, and reverse it in part.

The following facts are relevant to this appeal. The parties were married in New Britain on March 28, 1952. On April 1, 1987, the plaintiff commenced an action for the dissolution of the marriage. The plaintiff later amended her prayer for relief and sought a legal separation instead of a dissolution of marriage. By judgment dated October 21, 1988, the court, *Hon. Max H. Reicher,* state trial referee, granted the legal separation and issued certain orders. On June 11, 1990, pursuant to General Statutes § 46b-65 (b), the defend-

ant filed a petition for a decree dissolving the marriage after legal separation. He stated in his petition that "the parties have not resumed marital relations since the entry of the decree, and no written declaration of the resumption of marital relations has been filed pursuant to General Statutes § 46b-65."[1] The plaintiff did not file any pleading responding to the defendant's petition either affirming or denying the allegations in the petition. No declaration of resumption of marital relations had been filed.

On October 29, 1990, the trial court, *Hon. Julius J. Kremski,* state trial referee, held a hearing on the petition. At the hearing, the plaintiff raised the issue of resumption of marital relations for the first time. She denied that marital relations had not been resumed claiming that she and the defendant had engaged in sexual intercourse since the granting of the legal separation. The trial court heard testimony from both sides on the issue and expressly found that (1) "on October 21, 1988, this court, *Hon. Max H. Reicher,* state trial referee, entered a decree of legal separation as of record does appear; (2) neither party filed a written declaration of resumption of marital relations as provided by § 46b-65 (a) of the Connecticut General Statutes; (3) at various times after said legal separation the

---

[1] General Statutes § 46b-65 provides: "FILING OF DECLARATION OF RESUMPTION OF MARITAL RELATIONS; DISSOLUTION OF MARRIAGE AFTER LEGAL SEPARATION DECREE WHEN NO DECLARATION FILED. (a) If the parties to a decree of legal separation at any time resume marital relations and file their written declaration of resumption, signed, acknowledged and witnessed, with the clerk of the superior court for the judicial district in which the separation was decreed, the declaration shall be entered upon the docket, under the entries relating to the complaint, and the decree shall be vacated and the complaint shall be deemed dismissed.

"(b) If no declaration has been filed under subsection (a) of this section, then at any time after the entry of a decree of legal separation, either party may petition the superior court for the judicial district in which the decree was entered for a decree dissolving the marriage and the court shall enter the decree in the presence of the party seeking the dissolution."

parties had social contact but none of these contacts ever reached a level of resumption of marital relations within the purview of General Statutes § 46b-65." The court then incorporated all of the orders that had previously been entered in the decree of legal separation into the decree of dissolution. This appeal follows.

The plaintiff claims that, merely because she disputed the fact that marital relations had not been resumed at the hearing, the trial court could not proceed summarily under General Statutes § 46b-65 (b) and Practice Book §§ 472[2] and 473,[3] but was mandated to order that the parties proceed under the general provisions of § 46b-40. General Statutes § 46b-65 (b) establishes an expeditious method by which the parties can convert a legal separation into a dissolution. Practice Book § 472 requires a party seeking to convert the legal separation into a dissolution to state, inter alia, whether the parties had resumed marital relations. If the parties have, in fact, resumed marital relations, they cannot proceed under the summary procedures provided in § 46b-65 (b), but must instead proceed under the general dissolution provision, § 46b-40. *Mitchell* v. *Mitchell,* 194 Conn. 312, 326, 481 A.2d 31 (1984).

The plaintiff relies on *Mitchell* for the proposition that where a party asserts at any time that marital relations

[2] Practice Book § 472 provides: "PETITION FOR DECREE FINALLY DISSOLVING MARRIAGE

"Every petition for a decree finally dissolving and terminating the marriage, after a decree of legal separation, shall state the number of the case in which the separation was granted, the date of the decree of legal separation and whether the parties have resumed marital relations since the entry of the decree, and it shall be accompanied by an application for an order of notice to the adverse party."

[3] Practice Book § 473 provides: "Upon presentation of such petition to the court it shall fix a time for hearing the same and make an order of notice, by personal service if the adverse party is within the state and his place of residence is known, otherwise in such manner as it shall deem reasonable."

have resumed, § 46b-65 (b) is not applicable. Although the court's opinion in *Mitchell* contains dicta in support of this position, that is not the holding of that case. In *Mitchell*, the parties entered into a written separation agreement that was filed with the court. After living separately for over a year, the parties began living together again "as husband and wife." The husband thereafter directed his attorney to take the necessary steps to dissolve the earlier separation decree. The attorney supplied the parties with a written agreement stating that the parties had resumed living together as husband and wife. The wife signed this agreement, but the husband never did and it was never filed in court.

Both parties thereafter commenced actions for dissolution of the marriage, the wife seeking to dissolve the marriage pursuant to General Statutes § 46b-40 and the husband seeking to convert the legal separation into a dissolution of marriage pursuant to General Statutes § 46b-65 (b). The husband, however, did not state in his petition whether the parties had resumed marital relations as required by Practice Book § 472. The wife filed an answer asserting, inter alia, that the husband had failed to comply with Practice Book § 472.

Our Supreme Court phrased the issue to be decided as "whether a party seeking to convert a legal separation into a dissolution under General Statutes § 46b-65 (b) must comply with Practice Book § 472 which requires the petitioner to state in the petition 'whether the parties have resumed marital relations.' " *Mitchell* v. *Mitchell,* supra, 313-14. The Supreme Court held that "the trial court erred in finding that General Statutes § 46b-65 (b) mandated a dissolution even though [the petitioner] did not comply with Practice Book § 472 . . . ." Id., 318. The majority interpreted § 472 as requiring a statement in the petition that there was no resumption of marital relations as a condition

precedent to converting a separation decree into a dissolution. The court further stated that "because the parties in this case had resumed marital relations, [the petitioner] could not make the required statement in his petition and thus could not seek a dissolution under § 46b-65 (b)." Id., 326.

In this case, the defendant complied in full with the requirements of § 472. The plaintiff never filed a responsive pleading and did not deny the petitioner's allegation until after the matter was set down for a hearing pursuant to § 473. Upon the plaintiff's assertion that marital relations had resumed, the trial court held a full evidentiary hearing and determined as a matter of fact that the parties had not resumed marital relations and granted the petition.

In *Mitchell,* it was undisputed that the parties had resumed living together as husband and wife. In this case, the trial court found that the parties had not, in fact, resumed marital relations. In addition, this fact remained undisputed by the plaintiff throughout the pleading process. There was no declaration of resumption of marital relations signed by the parties, witnessed and acknowledged and filed with the Superior Court. No such declaration was entered on the docket, the decree was not vacated, and the complaint was not dismissed. See General Statutes § 46b-65. Upon ascertaining, after an evidentiary hearing, that the parties had not in fact resumed marital relations, the trial court properly granted the petition.

We agree, however, with Justice Shea's concurring opinion in *Mitchell* where he writes: "The effect of the separation agreement [orders] . . . is governed by General Statutes § 46b-66, which requires that the court 'inquire into the financial resources and actual needs of the spouses . . . .' The fact that the agreement was presumably found 'fair and equitable' at the

time of the legal separation does not excuse the failure of the court to make such a determination in the light of the situation of the parties at the time of dissolution and to afford an opportunity for a hearing on the issues involved." Id., 330; see Practice Book § 471.[4]

Neither the trial court's memorandum of decision nor the judgment file contains any finding that the orders entered at the time of the legal separation were "fair and equitable" in light of the circumstances existing at the time of the dissolution. Therefore, although we hold that the trial court properly granted the defendant's petition converting the parties' legal separation into a dissolution of marriage, the trial court's incorporation of the prior orders entered in the decree of legal separation into the decree of dissolution of marriage without a finding that the orders were "fair and equitable" at the time of the dissolution was improper.

The judgment is affirmed as to the dissolution of the marriage. The judgment is reversed as to the distribution of assets and the financial orders, and the case is remanded for a full hearing on the issues related to the financial terms of the dissolution decree.

In this opinion the other judges concurred.

---

[4] Practice Book § 471 provides: "Upon a petition for legal separation the procedure shall be the same as in actions for dissolution of marriage."