## MARTA SZOT *v.* TADEUSZ SZOT
(14251)

Dupont, C. J., and Schaller and Spear, Js.

Argued February 23—officially released April 30, 1996

*Helen Z. Pearl*, with whom, on the brief, was *Linda Clough*, for the appellant (plaintiff).

*Tadeusz Szot*, pro se, the appellee (defendant).

SPEAR, J. The plaintiff appeals from the judgment of the trial court converting a decree of legal separation into a decree of dissolution with attendant financial, visitation and custody orders. We agree with her claim

that the trial court violated her right to due process by prematurely terminating the hearing and, therefore, we reverse the judgment, except as to the decree of dissolution.[1]

We glean the following history from the transcript, the trial court file, the record and the plaintiff's brief.[2] The plaintiff obtained a decree of legal separation in 1993. The parties agreed on custody of the minor child, child support, alimony, a division of property and maintenance of health insurance by the defendant for the plaintiff. In 1994, the defendant petitioned[3] for a decree dissolving the marriage.

The court held a hearing on the petition on November 7, 1994. At the close of proceedings on that day, the court declared the marriage dissolved and further decreed that "all orders entered by the court remain in full force and effect subject to review and modification on November 21, 1994 . . . ." On November 21, 1994, the court conducted a further hearing to consider additional financial and other information bearing on the issue of whether the financial status of the parties was substantially different from that at the time of the legal separation. At that hearing, the trial court determined that the plaintiff had the burden of going forward and the ultimate burden of proof on her claim that the financial status of the parties had changed substantially from the time of the separation decree.

---

[1] The plaintiff does not challenge the dissolution of the marriage and specifically requested that the decree of the dissolution remain in force.

[2] The pro se defendant did not file a brief but, with permission of the court, was allowed to present oral argument.

[3] The defendant filed the petition pro se. Although the petition did not contain a prayer for relief, the plaintiff agreed on the record that the petition should be treated as requesting a dissolution of the marriage. The court and the parties thereafter treated it as such and we will do likewise. The plaintiff's claim that the trial court should not have proceeded on the petition flies in the face of her agreement and her request that the dissolution decree not be disturbed.

During the plaintiff's wide ranging cross-examination of the defendant, she touched on many areas. Her last question was: "[N]ow have you ever taken your son to an 'R' rated movie?" At that point, the court abruptly ended the questioning[4] and the hearing.[5] After the court ruled that there had been no substantial financial change since the legal separation, counsel for the plaintiff indicated that she had not had an opportunity to prove that there had been such a change.[6] The court then entered the same financial, custody and visitation orders as had been entered at the time of the separation decree. This appeal followed.[7]

---

[4] Before the defendant could answer the question, the court stated: "Oh, my God. Now that's enough. You are so far out of line what you're trying to prove here that I'm not going to sit here and listen to anything more."

[5] After the court stopped the questions, the plaintiff's counsel stated the child's age, ten, and her claim that "custody and visitation, and all that, the matters are before the court as to whether this is fair and equitable." The court responded: "I'll tell you what's before the court. The court finds that the financial status of the parties is not substantially different, and the orders entered at the time of the dissolution, at the time of the separation shall remain the orders of the court as of this dissolution."

[6] After the court ruled, the following colloquy took place:

"Mrs. Pearl [Plaintiff's Counsel]: Your Honor please, I have not had—

"The Court: No.

"Mrs. Pearl:—an opportunity—my client is on social security disability. That is a substantial change.

"The Court: Mrs. Pearl, anything that has happened here today has been through your own doing. You have deliberately strayed from the path you tried to put before the court, you put extraneous matters before the court, you have delayed, and I'm sorry, ma'am.

"Mrs. Pearl: Your Honor, I was here on time.

"The Court: I'm sorry, ma'am, you have wandered much too far off your course. This hearing is terminated."

[7] The plaintiff raises several issues that we do not review. The eight issues that concern matters of alimony, support, custody and visitation, and insurance are unlikely to arise in the same fashion in the new trial, and, therefore, we will not discuss them. The plaintiff's claim that the trial court improperly placed on her the burden of going forward and the burden of proof was not raised at trial. We decline to review this unpreserved claim. See *National Associated Properties* v. *Planning & Zoning Commission*, 37 Conn. App. 788, 800–801, 658 A.2d 114, cert. denied, 234 Conn. 915, 660 A.2d 356 (1995); *Baker* v. *Cordisco*, 37 Conn. App. 515, 522, 657 A.2d 230, cert. denied, 234 Conn. 907, 659 A.2d 1207 (1995).

In a similar case where a party petitioned to convert a legal separation decree to a dissolution decree, this court stated that "although we hold that the trial court properly granted the defendant's petition converting the parties' legal separation into a dissolution of marriage, the trial court's incorporation of the prior orders entered in the decree of legal separation into the decree of dissolution of marriage without a finding that the orders were 'fair and equitable' at the time of the dissolution was improper." *Mignosa* v. *Mignosa*, 25 Conn. App. 210, 216, 594 A.2d 15 (1991). The plaintiff correctly pointed out that the question of whether the separation decree orders were still fair and equitable was properly before the court.

In order to determine whether such orders were fair and equitable, the parties were entitled to an opportunity to present evidence in a hearing. "The fact that the agreement was presumably found fair and equitable at the time of the legal separation does not excuse the failure of the court to make such a determination in the light of the situation of the parties at the time of dissolution and to afford an opportunity for a hearing on the issues involved." (Internal quotation marks omitted.) Id., 215–16. "A fundamental premise of due process is that a court cannot adjudicate any matter unless the parties have been given a reasonable opportunity to be heard on the issues involved . . . ." (Citations omitted.) *Bloom* v. *Zoning Board of Appeals*, 233 Conn. 198, 205, 658 A.2d 559 (1995). "Generally, when the exercise of the court's discretion depends on issues of fact which are disputed, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." (Internal quotations marks omitted.) *Roberts* v. *Roberts*, 32 Conn. App. 465, 475, 629 A.2d 1160 (1993). "It is a fundamental tenet of due process of law as guaranteed by the fourteenth amendment to the United

States constitution and article first, § 10, of the Connecticut constitution that persons whose property rights will be affected by a court's decision are entitled to be heard at a meaningful time and in a meaningful manner. . . . Where a party is not afforded an opportunity to subject the factual determinations underlying the trial court's decision to the crucible of meaningful adversarial testing, an order cannot be sustained." (Citation omitted; internal quotation marks omitted.) *Castro* v. *Castro*, 31 Conn. App. 761, 770, 627 A.2d 452 (1993).

The court may have been annoyed by the plaintiff's counsel and her insistence on conducting a rather slow moving cross-examination that often did not deal directly with the matters at issue. We also appreciate the court's irritation when counsel repeated questions to which objections had been sustained. The plaintiff, nevertheless, had a due process right to be heard. The trial court had the power to control the plaintiff's cross-examination by confining the questions to relevant matters. In addition, the court had the power to sanction counsel if the court's instructions were disobeyed.[8] The court, however, did not have the right to terminate the hearing before the plaintiff had a fair opportunity to present evidence on the contested issues.

The judgment is reversed except as to the decree of dissolution and the case is remanded for a new trial.

In this opinion the other judges concurred.

---

[8] General Statutes § 51-84 provides: "Attorneys subject to rules. (a) Attorneys admitted by the superior court shall be attorneys of all courts and shall be subject to the rules and order of the courts before which they act.

"(b) Any such court may fine an attorney for transgressing its rules and orders an amount not exceeding one hundred dollars for any offense, and may suspend or displace an attorney for just cause."