[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, John T. Myjak, and the defendant, Elizabeth M. Myjak, by judgment dated March 24, 1998, were granted a legal separation. At the time the legal separation was rendered, the parties submitted a written separation agreement, which, after the court found it to be fair and equitable, was incorporated by reference into the decree.
By petition, dated March 27, 2000, the plaintiff is seeking a decree dissolving the marriage after legal separation.
After hearing duly held, the court finds that on March 24, 1998, a judgment of legal separation was entered by this court in the above entitled action as of record appears.
The parties have not resumed marital relations since the entry of the decree, and no written declaration of the resumption of marital relations has been filed pursuant to Gen. Stat. Sec. 46-61.
A decree of dissolution should enter. CT Page 14227
At the hearing which resulted in a legal separation, the parties presented the court with a separation agreement which in paragraph 12, states as follows:
 The parties have agreed to obtain a Decree of Legal Separation. The husband further agrees he will not petition this court or any other court for a dissolution of his marriage within a period of two (2) years from the date of the legal separation decree.
 In the event the husband does petition the court to convert his Legal Separation Decree to a Dissolution Decree pursuant to C.G.S. Sec. 46b-65 within the two year period, it is then agreed that the court can revisit the terms of the alimony and property settlement to determine if said settlement is fair and equitable to both parties.
 However, if the husband waits until at least (2) years have passed to petition this court for a decree of dissolution pursuant to C.G.S. Sec. 46b-65, then the parties agree that they will not submit any claim to the court that differs from this agreement. For the purposes of review at the time of dissolution pursuant to C.G.S. Sec. 46b-66, the parties agree that neither will make any claim that this agreement is not fair and equitable.
Paragraph 8 of the parties agreement requires that each party is allowed to earn additional income, over the income stated in their financial affidavits, in the amount of $10,400, before subjecting themselves to possible alimony modifications. Said $10,400 threshold would be excluded from consideration in fashioning new financial awards.
The contractual obligations entered into by the parties in their separation agreement includes, inter alia, in paragraph 8, one dollar per year alimony payable by each party to the other, payable until the death of either party, the other parties remarriage, or until a date of eight years from the date of the judgment which ever first occurs. The alimony orders are modifiable subject to the $10,400 threshold stated above.
Additionally, the plaintiff, pursuant to the separation agreement, quitclaimed his interest in the jointly owned marital home to the defendant. The defendant and the parties daughter remortgaged the premises and paid to the plaintiff, $50,725, an amount equal to 45% of the net equity in the premises. CT Page 14228
The plaintiff also transferred to the defendant by way of a Domestic Relation Order, 50% of his interest in his teachers retirement pension.
Further, the plaintiff after cashing in an insurance policy in the amount of $15,897, retained only $5,097 of that amount and used the balance, $10,800, to purchase an automobile for the defendant, which became hers free and clear of any claims of the plaintiff. The parties split a Prudential Securities Insurance Fund, yielding each approximately $4,000. The parties also divided personal property and assumed debts to their satisfaction.
The court recognizes that the property distribution indicated above have been executed and cannot be undone, which becomes a factor in considering the determination of fairness and equity in the court's ultimate rulings with regard to the dissolution decree.
The court rules that the $10,400 threshold as applied to the defendant cannot in equity and fairness preclude her from seeking a modification at this time. Because of her health and physical condition, she has no meaningful earning capacity.
Further, her health has deteriorated to the extent that her anticipation of continued employment at the time the judgment of legal separation has not come to pass.
The court expressly finds that the defendant at the present time has little or no earning capacity because of her deteriorated health from the time of the legal separation and that her health and physical condition has worsened since the legal separation.
The court further rules that it is bound to make a determination of whether or not the agreement entered into by the parties at the time of legal separation remains fair and equitable in light of the conditions and circumstances of the parties at the time of this dissolution action.
A final distribution of property and financial orders after legal separation should not be based on a separation agreement without an inquiry by the court as to whether the agreement is fair and equitable at the time of the dissolution. Mignosa v. Mignosa, 25 Conn. App. 210,594 A.2d 15 (1991) see also Szot v. Szot, 41 Conn. App. 238, 674 A.2d 1384
(1996).
The court finds that the separation agreement entered into, by the parties at the time of the legal separation, viewed in the light of the current circumstances and condition of the parties cannot be said to be CT Page 14229 fair and equitable in all of its conditions.
In sum, the parties agreed not to contest the fairness of their agreement at the time of the dissolution, such agreement is not binding on the court which is mandated to conduct a hearing into the circumstances of the parties at the time of the dissolution.
Accordingly, the court finds that a modification of the agreement is warranted. The court orders that the plaintiff, as periodic alimony, pay to the defendant the sum of $50.00 per week until the defendant reaches the age of 62 and becomes eligible for medicare. In all other respects the separation agreement is to remain in full force and affect.
A decree may enter dissolving the marriage an incorporating an order that the plaintiff pay to the defendant as periodic alimony $50.00 per week until the defendant reaches the age of 62.
 SPALLONE JUDGE TRIAL REFEREE