PETER F. CORRIVEAU *v.* ANDREA H. CORRIVEAU
(AC 30938)

Gruendel, Alvord and Sullivan, Js.

Argued October 15, 2010—officially released January 25, 2011

*John Serrano*, for the appellant (defendant).

*Stephen D. Jacobs*, for the appellee (plaintiff).

*Opinion*

SULLIVAN, J. The defendant, Andrea H. Corriveau, appeals from the judgment of the trial court dissolving her marriage to the plaintiff, Peter F. Corriveau. On appeal, she claims that the court improperly (1) failed to canvass her sua sponte concerning her competency to proceed with self-representation, (2) prematurely terminated her right to cross-examine and to present evidence, and (3) failed to provide guidance on the presentation of evidence at trial. We affirm the judgment of the trial court.

The record contains the following facts. The parties were married on June 2, 1979. The plaintiff filed the complaint for dissolution on June 23, 2006, and the defendant filed a cross complaint on July 5, 2006. The matter proceeded to a two day trial on December 4 and 5, 2008, and, on March 9, 2009, the court found that the marriage had broken down irretrievably and rendered judgment of dissolution. The court ordered the parties' assets divided and the plaintiff to pay the defendant $275 per week in alimony, as well as to provide her with health insurance. This appeal followed. Additional facts will be set forth as necessary.

I

The defendant first claims that the court violated her constitutional right of access to the court by failing to inquire sua sponte into her competency in representing herself. Specifically, the defendant argues that the evidence that she suffered from multiple sclerosis, as well as the court's observations during trial that some of the defendant's statements were confusing, triggered an obligation of the court to canvass her, similar to the canvass required in a criminal case involving a self-represented party, regarding her competency and the voluntariness of her waiver of counsel. The defendant requests review of her unpreserved claim under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), or alternatively, our supervisory authority over the administration of justice or the plain error doctrine. See Practice Book § 60-5. The defendant cannot prevail under *Golding*, and we disagree that her claim merits reversal under either our supervisory authority or the plain error doctrine.[1]

---

[1] "The plain error doctrine is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. . . . A party cannot prevail under plain error unless it has demonstrated that the failure to grant relief will result in manifest injustice. . . . [See] Practice Book § 60-5. . . . [O]ur supervisory powers are invoked only in the rare circumstance where [the] traditional protections are inadequate to ensure

"Our Supreme Court held in *Golding* that a party can prevail on an issue not preserved at trial only if all of the following four conditions are met: (1) the record is adequate to review the claim; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the appellant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. . . . If any one of these conditions is not met, the appellant cannot prevail. . . . The first two questions relate to whether a defendant's claim is reviewable, and the last two relate to the substance of the actual review. . . . *Golding* applies to civil as well as criminal cases." (Citations omitted; internal quotation marks omitted.) *In re Shyliesh H.*, 56 Conn. App. 167, 177–78, 743 A.2d 165 (1999).

The first claim satisfies the first and second prongs of *Golding* and is therefore reviewable. The claim, however, fails to satisfy the third prong of *Golding* because the defendant has not shown that a constitutional violation clearly exists.

The defendant argues that the evidence of her illness and the difficulty the court sometimes had in understanding the meaning of her questions or statements at trial triggered a duty of the court to perform some kind of canvass. We disagree that the defendant demonstrated any evidence that would trigger a duty to inquire into her competency. As such, we do not consider whether, under other circumstances, the failure to inquire into a civil litigant's competency to proceed as

the fair and just administration of the courts . . . ." (Citations omitted; internal quotation marks omitted.) *Smith* v. *Andrews*, 289 Conn. 61, 79, 959 A.2d 597 (2008). The defendant's claim does not merit reversal under either of these rarely applied doctrines.

a self-represented party would have due process implications.

Our review of the record reveals that although there were several instances in which the court noted that the defendant's statements or questions were confusing, these instances are overshadowed by the extensive questions and testimony that the defendant successfully presented. The record, furthermore, does not support the defendant's contention that she was unable to present her case at trial. Through cross-examination of the plaintiff's witnesses, the defendant brought several relevant issues before the court, such as the repair work needed to the parties' home to prepare it for sale and the history of supporting the plaintiff through career changes, as well as the defendant's contributions to raising their child. We also note that the defendant was represented by counsel prior to trial and that the defendant showed her familiarity with court procedures through filing multiple motions both before and after trial. Accordingly, the court had no basis for raising the issue of the defendant's competency sua sponte, and, therefore, the defendant cannot show that her constitutional rights were clearly violated.

## II

The second claim raised by the defendant is whether the court violated her right to due process by prematurely ending her cross-examination of the plaintiff and her own direct testimony. The defendant again requests review of her unpreserved claim under *State* v. *Golding,* supra, 213 Conn. 239–40, or, alternatively, requests reversal pursuant to our supervisory authority or the plain error doctrine. As with the first claim, the second claim fails under the third requirement of *Golding,* and we disagree that it merits reversal under our supervisory authority or the plain error doctrine. See footnote 1 of this opinion.

The first two *Golding* requirements are met, in that the record is adequate for our review and the claim is of constitutional magnitude because the defendant alleges that the premature termination of her right to cross-examine and to present evidence violated her due process right to access the courts. The defendant, however, has not shown that her constitutional rights were clearly violated or that she was deprived of a fair trial.

At trial, the defendant cross-examined the plaintiff concerning numerous issues, throughout which the attorney for the plaintiff raised objections, usually as to relevancy. The court gave broad latitude to the defendant in her questioning, overruling several such objections. The court also had to remind the defendant to ask questions rather than to testify, explaining that she would have a chance to give her testimony on direct examination. Following several such redirections by the court and extensive cross-examination on a variety of issues, the court ended the cross-examination. On direct, the defendant's monologue style testimony included few interruptions by the plaintiff or the court. Her testimony covered a wide-ranging scope. When the defendant indicated that she had concluded her direct testimony, the attorney for the plaintiff asked her a few questions on cross-examination. Finally, on redirect, the court ended the defendant's testimony because she was not addressing the issues raised during the plaintiff's cross-examination of her.

"In determining whether a defendant's right of cross-examination has been unduly restricted, we consider the nature of the excluded inquiry, whether the field of inquiry was adequately covered by other questions that were allowed, and the overall quality of the cross-examination viewed in relation to the issues actually litigated at trial. . . . Although it is axiomatic that the scope of cross-examination generally rests within the

discretion of the trial court, [t]he denial of all meaningful cross-examination into a legitimate inquiry constitutes an abuse of discretion." (Citation omitted; internal quotation marks omitted.) *Dubreuil* v. *Witt*, 65 Conn. App. 35, 42, 781 A.2d 503 (2001).

"The basic purpose of redirect examination is to enable a witness to explain and clarify relevant matters in his testimony which have been weakened or obscured by his cross-examination. . . . The scope of redirect examination, however, is limited by the subject matter of cross-examination. . . . Furthermore, [t]he extent and scope of redirect examination . . . may be limited within the discretion of the trial judge." (Citation omitted; internal quotation marks omitted.) *Ravenswood Construction, LLC* v. *F. L. Merritt, Inc.*, 105 Conn. App. 7, 19–20, 936 A.2d 679 (2007).

The defendant claims that the decision in *Szot* v. *Szot*, 41 Conn. App. 238, 674 A.2d 1384 (1996), applies to the present case. In *Szot*, the court, despite the protests of the plaintiff's counsel that she still had additional evidence to present, ended not only cross-examination but also the entire presentation of evidence. Id., 240. This court held that the trial court's termination of the proceedings violated the plaintiff's due process right to be heard. Id., 242. In the present case, unlike in *Szot*, the termination of cross-examination of the plaintiff was followed by the direct testimony of the defendant, rather than a termination of the entire proceeding.

Our careful review of the record reveals that the court gave tremendous latitude to the defendant throughout the trial. Although the defendant argues that she was unable to bring several relevant pieces of information before the court, she identifies no point in the record, particularly during her lengthy direct testimony, where the court prohibited the introduction or discussion of those issues. Although, as addressed in part III of this

opinion, the defendant was under a misapprehension concerning whether certain documentary evidence would be reviewed by the court, nothing in the record suggests that, had the defendant been allowed even greater latitude and more time, she would have presented the evidence that she complains she had no opportunity to bring before the court. She had ample opportunity to present any relevant evidence. The court must have control over the proceedings, and the court properly ended the defendant's questioning of the plaintiff and the defendant's testimony on redirect after several warnings for her to comply with the rules of practice.

## III

The defendant finally claims that the court abused its discretion by failing to provide the defendant with meaningful guidance on the presentation of evidence. The defendant argues that the court inadequately guided her when it did no more than tell her that she was " 'entitled to present [documents] in a legal manner' " and that she could have them marked for identification. We disagree.

"[A]lthough we are solicitous of the rights of pro se litigants . . . [s]uch a litigant is bound by the same rules . . . and procedure as those qualified to practice law." (Internal quotation marks omitted.) *Watkins* v. *Thomas*, 118 Conn. App. 452, 456, 984 A.2d 106 (2009). "For justice to be done, however, any latitude given to pro se litigants cannot interfere with the rights of other parties, nor can we disregard completely our rules of practice." (Internal quotation marks omitted.) *Shobeiri* v. *Richards*, 104 Conn. App. 293, 296, 933 A.2d 728 (2007).

This issue lies solely within the sound discretion of the court and will only be reversed on appeal on a showing of an abuse of that discretion. No such showing

can be made in the present case. Throughout the proceedings, the court gave significant leeway to the defendant, especially during her direct testimony, when the court allowed her to discuss numerous issues, often over the objection of the plaintiff. Although she was unsuccessful at presenting one particular piece of evidence, which she claims on appeal was particularly significant to the resolution of her claim, nothing in her lengthy testimony explained any of the documents that she sought to present to the court. Within its discretion, the court might have "made inquiries to clarify the responses of the various witnesses," such as in *McGuire* v. *McGuire*, 102 Conn. App. 79, 85, 924 A.2d 886 (2007), but it did not abuse its discretion in refusing to provide further assistance to the defendant in presenting her evidence.

The judgment is affirmed.

In this opinion the other judges concurred.